**Jasper BOGGS, Jr., Claimant–Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 99–7003.**

United States Court of Appeals, Federal Circuit.

Aug. 18, 1999.

Rehearing Denied; Suggestion for Rehearing En Banc Declined Oct. 22, 1999.

Kenneth M. Carpenter, Carpenter, Chartered, Topeka, Kansas, argued for claimant-appellant.

Colleen A. Conry, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for respondent-appellee. On the brief were David M. Cohen, Director; Mark A. Melnick, Assistant Director; and Tara A. Hurley, Attorney. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel; and Michelle D. Doses, Attorney, Department of Veterans Affairs, Office of the General Counsel, Washington, DC.

Before NEWMAN, LOURIE, and KELLY,* Circuit Judges.

Opinion by the court filed by Circuit Judge LOURIE. Dissenting opinion filed by Circuit Judge NEWMAN.

LOURIE, Circuit Judge.

Jasper Boggs, Jr., appeals from the decision of the United States Court of Appeals for Veterans Claims affirming the denial of his claim for service connection. *See Boggs v. West,* 11 Vet.App. 334 (1998). Because Boggs improperly presents this court with an argument of statutory construction that was not presented to the Court of Appeals for Veterans Claims, we affirm.

## BACKGROUND

During the period from 1963 to 1966, veteran Boggs had been treated at several Veterans Administration (VA) hospitals where he was diagnosed as suffering from anxiety, depression, hysteria, inadequate personality, below normal intelligence, and alcoholism. In 1967, while seeking treatment in a VA hospital for a peptic ulcer, Boggs consented to an experimental LSD treatment. Boggs was subsequently diagnosed as having chronic anxiety, schizophrenia, and a temporal lobe disorder.

In 1983, Boggs filed a claim for compensation at a VA Regional Office (RO) seeking service connection for the LSD treatments he received while hospitalized. The RO denied Boggs' claim, concluding that the LSD treatments did not cause or aggravate Boggs' psychiatric problems. The

---

* The Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation.

Board of Veterans' Appeals affirmed the denial. In December 1993, Boggs attempted to reopen his claim for compensation for the LSD treatment pursuant to 38 U.S.C. § 1151. At the time,[1] that statute stated in relevant part that:

Where any veteran shall have suffered an injury, or an aggravation of an injury, as the result of hospitalization, medical or surgical treatment, ... and not the result of such veteran's own willful misconduct, and such injury or aggravation results in additional disability to or the death of such veteran, disability or death compensation ... shall be awarded in the same manner as if such disability, aggravation, or death were service-connected.

38 U.S.C. § 1151 (1988 & Supp. V 1993). The RO again denied Boggs' claim, concluding that the new evidence that Boggs had submitted did not suggest that the LSD treatment caused a progressive disorder of his nervous system. The Board again affirmed, finding that compensation was not allowable under § 1151 because Boggs did not suffer an injury as a result of his 1967 LSD treatment. The Court of Appeals for Veterans Claims affirmed, holding that there was a plausible basis in the record for the Board's factual conclusion.

Boggs appealed the denial of service connection to this court.

## DISCUSSION

■ Our jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. We may, inter alia, "interpret ... statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (1994). However, unless a constitutional issue is presented, we may not review factual determinations or the application of law to a particular set of facts. *See id.* § 7292(d)(2). We therefore cannot review and must accept as definitive the conclusion that Boggs did not suffer injury as a

result of the LSD treatments he received while hospitalized.

■ Recognizing our limited standard of review, instead of making a fact-based argument, Boggs argues to us that the Court of Appeals for Veterans Claims misinterpreted 38 U.S.C. § 1151. According to Boggs, it is not necessary for a claimant seeking compensation thereunder to show that the hospitalization or treatment caused the injury complained of. Instead, Boggs asserts that the mere temporal coincidence of the hospitalization or treatment and the injury is sufficient. The government responds that Boggs did not raise this argument of statutory interpretation in the Court of Appeals for Veterans Claims, and that it may therefore not do so here.

We agree with the government. We have reviewed the brief that Boggs submitted to the Court of Appeals for Veterans Claims, and it is clear that in that court Boggs only argued the factual issue whether the LSD caused his psychiatric injuries. Thus, Boggs' brief stated that "the issue at hand is simply whether the LSD treatment administered by the VA either caused or aggravated the veteran's psychiatric disability." J.A. at A27. Moreover, Boggs summarized his argument as follows: "The Board's reasons for dismissing the substantial evidence in support of the veteran's claim are insufficient. When the evidence in favor of the veteran is given proper weight, the preponderance of the evidence supports the veteran's claim." *Id.* at A26.

■ Nowhere in Boggs' brief did he raise in the court below the "temporal coincidence" theory of statutory interpretation that he currently raises on appeal here. Nor did the Court of Appeals for Veterans Claims make reference to or decide this issue. As a general rule, an appellate court will not hear on appeal issues that were not clearly raised in the

---

**1.** Section 1151 was amended in 1996 in a manner irrelevant to this appeal. *See* Pub.L. No. 104–21, Title IV, § 422(a), 110 Stat. 2926 (1996).

proceedings below. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Braun, Inc. v. Dynamics Corp. of Am.,* 975 F.2d 815, 821 (Fed.Cir.1992). This rule ensures that "parties may have the opportunity to offer all the evidence they believe relevant to the issues ... [and] in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence." *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941).

The dissent asserts that we are obligated to hear the new issue raised on appeal. As indicated above, the argument below was predicated entirely on the factual question whether causation had been shown. The question of statutory interpretation was neither explicitly nor implicitly raised.

The dissent cites § 7292(c) as requiring us to hear an issue that would otherwise contravene sound judicial practice. However, that section provides for our *jurisdiction* to hear appeals and issues that are "presented and necessary" to a case brought before us. It does not *require* us to decide an issue that has been waived. This is especially so in light of § 7292(a), which governs the *right of appeal,* and which contains the qualifying language "that was relied on below." The Court of Appeals for Veterans Claims did not rely on the interpretation of law that is now raised on appeal. Thus, Boggs has no statutory right of appeal on an issue that was not raised and relied on below.

Finally, the dissent cites *Madden v. Gober,* 125 F.3d 1477 (Fed.Cir.1997), in support of the view that we should consider Boggs' argument. In *Madden,* we entertained a veteran's statutory interpretation argument. However, nowhere does *Madden* discuss whether the veteran first raised his argument in the Court of Appeals for Veterans Claims. It is therefore not precedent on this point for this case. *See National Cable Television Ass'n v. American Cinema Editors, Inc.,* 937 F.2d 1572, 1581 (Fed.Cir.1991) ("When an issue is not argued or is ignored in a decision, such decision is not precedent to be followed in a subsequent case in which the issue arises."); *Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."). Therefore, while the disposition in *Madden* surely constituted law of the case, it has no precedential value for us concerning whether a veteran need not first raise an argument in the Court of Appeals for Veterans Claims before raising that argument in this court.

## CONCLUSION

Because Boggs did not raise his argument concerning the interpretation of § 1151 in the Court of Appeals for Veterans Claims, we will not consider this argument in the first instance. Accordingly, the court's decision is

*AFFIRMED.*

PAULINE NEWMAN, Circuit Judge, dissenting.

I respectfully dissent from the ruling that the Federal Circuit does not have authority to receive this appeal. I can not agree with my colleagues on this panel that the interpretation of 38 U.S.C. § 1151 is not properly before us, or was not sufficiently placed at issue.

Pursuant to § 1151, Mr. Boggs submitted medical opinion evidence of a causal connection between the hospital's administration of LSD and his psychiatric illness. The Board of Veterans Appeals held that he had not succeeded in establishing service-connection, and the Court of Appeals for Veterans Claims affirmed on the factual record. Mr. Boggs now argues that the incorrect interpretation of § 1151 was applied, and that the occurrences themselves established the requisite connection between the LSD and the ensuing psychiat-

ric illness. Because an interpretation of § 1151 was "relied on by the [Court of Appeals for Veterans Claims] in making its decision", 38 U.S.C. § 7292(a), and statutory interpretation is now "presented and necessary to a decision" by the Federal Circuit, 38 U.S.C. § 7292(c), we are permitted, indeed obligated, to consider Mr. Boggs' argument. Our refusal to accept this appeal impugns the appellate assignment to the Federal Circuit, and is directly contrary to our precedent.

## DISCUSSION

In the various agency proceedings Mr. Boggs sought to establish service-connection between the administration of LSD at the veterans hospital, and his ensuing psychiatric problems. He presented responsible medical opinion evidence, and the Secretary presented contrary opinion evidence. The agency denied his claim of service-connection, despite the favorable forums and burden that is applied to veterans' claims. *See* 38 U.S.C. § 5107 (veteran is given benefit of the doubt when evidence is in equipoise); *Walters v. National Ass'n of Radiation Survivors*, 473 U.S. 305, 324, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985) (veterans claims system "should be as informal and nonadversarial as possible").

Had Mr. Boggs succeeded in any of these proceedings on a simple factual showing, that would have ended the matter. He would have had no reason to challenge the statutory premise, an issue of law sure to incur litigation beyond the scope of the administrative bodies in which he hoped to prevail on the facts. In earlier proceedings his claim had been denied based on a regulation implementing § 1151 (the statute at issue) denying service-connection for injury based on treatment at a veterans hospital unless there was fault on the part of the agency. In *Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir.1993), *aff'd*, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) this regulation was invalidated as contrary to § 1151. After *Gardner* was decided Boggs renewed his claim, but he now lost before the agency on the factual

issue of causation. In his appeal to the Court of Appeals for Veterans Claims that court considered the factual record, applying the interpretation of § 1151 that Mr. Boggs now challenges under 38 U.S.C. § 7292(a):

> **§ 7292(a)** After a decision of the [United States Court of Appeals for Veterans Claims] is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination to a factual matter) that was relied on by the Court in making its decision....

On appeal to the Federal Circuit Mr. Boggs does not challenge any factual determination; he disputes the interpretation of § 1151 that was relied on by the Court of Appeals for Veterans Claims in making its decision. Section 7292(c) requires us to determine the correct interpretation of a statute that was relied on in deciding the veteran's claim:

> **§ 7292(c)** The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision....

Mr. Boggs argues on appeal that he should not have been required to prove medical causation in order to establish service connection under § 1151. This is an argument of statutory interpretation, an interpretation that is "presented and necessary to a decision", § 7292(c), for if the statute requires only a "temporal relationship" between the action and the asserted injury he need not prove medical causation. Because an interpretation of § 1151 was relied on by the Court of Appeals for Veterans Claims in making its decision, and statutory interpretation is presented and necessary to a decision of the Federal

Circuit, we are permitted and obligated to receive Mr. Boggs' appeal. *See generally* H.R.Rep. No. 100–963 (1988) at 7–8, 35–36, *reprinted in* 1988 U.S.C.C.A.N. 5782, 5789, 5818 (Federal Circuit reviews statutory interpretation relied on by Court of Appeals for Veterans Claims, when the issue is presented to, and necessary to a decision by, the Federal Circuit).

Section 7292(a) does not require that Mr. Boggs may appeal only when a statutory interpretation was at issue in the veterans' tribunals. According to the statute, Mr. Boggs may appeal "any interpretation [of a statute] that was relied on by the Court in making its decision." § 7292(a). The Court of Appeals for Veterans Claims plainly relied upon an interpretation of § 1151 in making its decision, and Mr. Boggs now disputes the interpretation of § 1151 that was relied on by that court.

The panel majority states, "As a general rule, an appellate court will not hear on appeal issues that were not clearly raised in the proceedings below." Even without considering our obligation in veterans' cases, in *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) the Supreme Court concluded: "The matter of what questions may be taken and resolved for the first time on appeal is one left primarily to the courts of appeals, to be exercised on the facts of individual cases. We announce no general rule." Although there are indeed situations in which a new argument on appeal can unfairly surprise litigants who have no opportunity to introduce evidence, in the case at bar the historical facts are not disputed. Mr. Boggs' statutory argument requires no factual development, but only legal interpretation.

Courts of appeals have often considered purely legal issues for the first time on appeal. *See Bellotti v. Baird,* 428 U.S. 132, 143–44 n. 10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976) (purely legal issue of federal abstention may be raised for the first time on appeal); *United States v. $500,000 in United States Currency,* 62 F.3d 59, 62 (2d Cir.1995) (considering statutory interpretation not raised below); *White v. Department of the Army,* 720 F.2d 209, 211 (D.C.Cir.1983) (considering statutory interpretation not raised below is "particularly appropriate where, as here, the question is a purely legal one, the resolution of which would not be aided by any further factual development"); *Pegues v. Morehouse Parish School Bd.,* 706 F.2d 735, 738 (5th Cir.1983) (a "pure legal question" may be raised and considered for the first time on appeal, because there is no prejudice to the other party); *United States v. Krynicki,* 689 F.2d 289, 291 (1st Cir.1982) (discretion to examine issues raised for the first time on appeal when "the new issue is purely legal, and the record pertinent to resolution of this issue can be developed no further"); *Federal Election Comm'n v. Lance,* 635 F.2d 1132, 1136 (5th Cir.1981) (en banc) (constitutional argument could be raised for the first time on appeal provided that the facts were fully developed below); *Higginbotham v. Ford Motor Co.,* 540 F.2d 762, 768 n. 10 (5th Cir.1976) ("the new theory raises a purely legal question. No facts could have been developed to aid our resolution of the issue").

It is precisely for purely legal questions such as statutory interpretation that § 7292 established the right of appeal to the Federal Circuit. *See* § 7292(a) ("validity of any statute ... or interpretation thereof"); § 7292(c) ("to interpret constitutional and statutory provisions"); § 7292(d) ("question of law, including interpreting constitutional and statutory provisions"). My colleagues' ruling that this right was waived in this case, by inference or by silence, is contrary to the juridical structure established by § 7292.

Absent explicit waiver of this issue, waiver of the right to raise a statutory challenge to § 1151 in the Federal Circuit is not properly inferred. The Federal Circuit had already rejected this theory of implied waiver, in binding precedent on a directly analogous situation. In *Madden*

*v. Gober,* 125 F.3d 1477 (Fed.Cir.1997), cited by Mr. Boggs, the veteran had attempted to prove service connection of a psychiatric disorder by providing medical evidence, as the regulation required. The Board of Veterans Appeals found Madden had not met his evidentiary burden. The Court of Appeals for Veterans Claims agreed that "Madden's proofs were not credible." On appeal to the Federal Circuit Mr. Madden argued that as a matter of law, upon the submission of any piece of evidence, he was entitled to a presumptive service connection, and that the regulation was incorrect in requiring him to prove causation in fact. Although it is apparent from the briefs in *Madden* that this argument was not raised before the Court of Appeals for Veterans Claims, the Federal Circuit did not rule that the issue was waived, but received the appeal and interpreted the regulation, as authorized and required by § 7292. The Federal Circuit did not adopt Madden's theory, but we did not refuse to consider the issue. Thus in *Madden* the Federal Circuit fulfilled its statutory obligation. The decision today is contrary to *Madden,* which binds us.

Mr. Boggs' appeal requires Federal Circuit review of the issues of statutory interpretation, not rejection of the appeal [1] on a strained theory of implied waiver.[2] Thus I must, respectfully, dissent from the court's disposition of this appeal.

---

1. Although the court styles its decision as an "affirmance," the court has refused to consider the issue of statutory interpretation, the only basis on which our appellate jurisdiction of this case could be founded. The merits of the factual question of causation are not appealable and were not appealed. There is nothing to "affirm."

2. At a minimum, we should remand to the Court of Appeals for Veterans Claims for its consideration of the question of statutory interpretation.