PER CURIAM.
Claimant-appellant Fred H. Parker, who served on active duty with the United States Army from 1950 through 1953, appeals from a decision by the Court of Appeals for Veterans Claims (“the Veterans Court”) rejecting his contention that a regional office of the Veterans Administration committed clear and unmistakable error (“CUE”) when it denied his claim for compensation for defective vision. We affirm.
I
In May 1976, Mr. Parker filed a claim for service connection for aggravation of an eye disorder. A regional office of the Veterans Administration denied his claim, finding that the condition pre-existed his military service. In May 1993, Mr. Parker filed a claim with the regional office alleging that the 1976 rating decision contained CUE. The regional office disagreed, and Mr. Parker appealed the regional office’s decision to the Board of Veterans’ Appeals (“BVA”). The BVA held that the CUE claim was “not well-grounded.” Mr. Parker appealed the BVA’s ruling to the Veterans Court, arguing that the BVA applied the wrong standard in determining whether there was CUE in the 1976 rating decision.
The Veterans Court determined that although the BVA erred by applying the “well-grounded” standard to Mr. Parker’s CUE claim, the BVA nevertheless “correctly found that the appellant had not presented a valid claim for CUE. The fact that the [BVA] applied the wrong standard does not change the fact that the appellant failed to present a valid claim for CUE.”
II
On appeal to this court, Mr. Parker presents a single issue: He argues that the question whether a veteran asserted a valid claim of CUE at the regional office is a question of law that the Veterans Court must review de novo, without affording any deference to the BVA’s determination.
We reject Mr. Parker’s argument for two reasons. First, in his brief to the Veterans Court, he did not make the argument he now makes in this court. In fact, before the Veterans Court he argued for the very standard of review that that court applied. In his brief before the Veterans Court, Mr. Parker argued the following:
Upon review of a BVA decision finding no CUE in a prior adjudication, the Court’s standard of review is to determine whether that conclusion was “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law” and whether the Board provided an adequate statement of reasons or bases for its determination. Russell [v. Principi, 3 Vet.App. 310, 314-315 (1992) (en banc) ].
That was exactly the same standard of review that was recited by and applied by the Veterans Court in its opinion, where it stated:
This Court reviews Board decisions as to the existence of CUE under an “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law” standard of review. 38 U.S.C. § 7261(a)(3)(A); see Russell, [3 Vet.App. 310],
Moreover, in his reply brief in this court, Mr. Parker criticizes the Veterans Court’s decision in Russell v. Principi, 3 Vet.App. 310 (1992) (en banc), which held that the “arbitrary and capricious” standard of review applies to determining whether CUE exists in a prior rating decision. He ar *588 gues that Russell should not be followed because it “gave absolutely no discussion or explanation as to why that was the standard of review to be employed. Further, the Russell court gave absolutely no consideration to the type of question involved in CUE consideration and whether such a question is purely a question of law.” Yet in his brief to the Veterans Court, as indicated above, Mr. Parker cited the Russell case as setting forth the proper standard of review; nowhere in his brief to the Veterans Court did Mr. Parker criticize Russell or suggest in any way that the standard set forth in Russell was wrong and that the court should not follow it.
Mr. Parker argues that he could not be expected to have presented his argument regarding the appropriate standard of review to the Veterans Court because that would require him to predict which standard the Veterans Court would actually use in its decision. That argument might have some force if the Veterans Court had unexpectedly applied a new standard of review, contrary to what Mr. Parker could reasonably have expected. In this case, however, the standard of review applied by the court came as no surprise; indeed, as we have indicated, it was the very standard that Mr. Parker contended was appropriate.
Given that the court adopted precisely the standard of review that Mr. Parker urged on it, there is no justification for permitting him to change his position at this point and argue that it was reversible error for the Veterans Court to apply the standard that he urged upon that court. See Forshey v. Principi, 284 F.3d 1335, 1358 (Fed.Cir.2002) (en banc) (“[T]he fact that the appellant specifically urged [below] the legal rule that he now challenges [on appeal] counsels against consideration of the issue.”); see generally Boggs v. West, 188 F.3d 1335, 1337-39 (Fed.Cir. 1999); 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2558, at 470 (2d ed. 1995) (“The [invited error] rule, which is a branch of the doctrine of waiver, holds that ‘a party may not complain on appeal of errors that he himself invited ... the court ... to commit’ ” (citation omitted)). If Mr. Parker wished to preserve the issue of the proper standard of review on appeal in this court, he had an obligation to make his argument to the Veterans Court in the first instance. By arguing in favor of the standard of review that he now contends is erroneous, Mr. Parker has forfeited his right to claim that the Veterans Court applied the wrong standard of review.
Second, the Veterans Court conducted a detailed analysis of Mr. Parker’s CUE claim. Because the court concluded that the BVA had applied an erroneous standard to his claim, the court had to determine whether that error was prejudicial, and for that reason the court conducted its own analysis of the CUE claim. At the end of its analysis, the court held that the BVA was correct in finding that Mr. Parker had not presented a valid CUE claim. As the court explained, “The fact that the Board applied the wrong standard does not change the fact that the appellant failed to present a valid claim for CUE.” That language supports the inference that the Veterans Court performed a de novo review of Mr. Parker’s claim, i.e., the court formulated its own opinion as to what constituted a correct finding, and then found that its formulation comported the BVA’s finding. Because Mr. Parker received de novo consideration of his CUE claim from the Veterans Court, it is unnecessary for us to decide what standard would be applicable in a case in which the Veterans Court did not review the merits of the CUE claim as part of its harmless error analysis. We therefore uphold the deci *589 sion of the Veterans Court in Mr. Parker’s case.