NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7044

GENE S. GROVES,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Gene S. Groves, of Shafter, Texas, pro se.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2007-7044

GENE S. GROVES,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  July 11, 2007

_____

Before RADER, BRYSON, and MOORE, Circuit Judges.

PER CURIAM.

Gene S. Groves appeals an order of the Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) that found no clear and unmistakable error (CUE) in a 1981 Board decision denying both service connection for an acquired psychiatric disorder and an increased rating for residuals of a shell fragment in his right thigh.  Groves v. Nicholson, No. 03-1236 (Vet. App. Aug. 23, 2006).  Because Groves fails to appeal on bases that fall within this court's jurisdiction and failed to present his due process argument to the Veterans Court, we dismiss.

## BACKGROUND

Groves is a veteran who had active service from January 1970 to August 1971 and was discharged from service on August 23, 1971.  On March 16, 1981, the Board

denied service connection for an acquired psychiatric disorder and an increased rating for residuals of a shell fragment wound in his right thigh. Groves later sought revision of the 1981 Board decision based on CUE, and in May 2003, the Board determined that its prior decision did not contain CUE.

Groves appealed to the Veterans Court, asserting the finding that an acquired psychiatric disorder was not clearly shown was clearly erroneous and contradicted by 1979 medical evidence that documented diagnoses of depression and anxiety. He also alleged that the Board improperly found he had sustained only a superficial wound to his right thigh and failed to consider 38 C.F.R. §§ 4.40, 4.51, 4.56(c), and 4.118 Diagnostic Code 7804 when adjudicating that claim. Finally, Groves alleged that the Board provided an inadequate statement of reasons or bases for its 1981 decision.

In an order dated August 23, 2006, the Veterans Court affirmed the 2003 Board decision, indicating that the 1979 medical evidence may not have been before the Board in 1981 but that the record at that time contained evidence of a personality disorder. The order indicated that Groves failed to demonstrate the outcome would have been different had the Board considered the 1979 medical records in 1981 and thus CUE had not been proven. Additionally, the Veterans Court found Groves' disagreement with the Board's determination as to the wound in his right thigh a disagreement as to the weight afforded to the evidence, which is not a basis for CUE. The Veterans Court determined that it lacked jurisdiction over Groves' assertions of error regarding the Board's failure to consider 38 C.F.R. §§ 4.40, 4.51, 4.56(c), and 4.118 Diagnostic Code 7804, finding those specific allegations of CUE were not raised

before the Board.[1]  Finally, it found that Groves failed to raise specific allegations regarding the inadequacy of the Board's statement of reasons or bases for its 2003 decision and was not a basis for a CUE finding.  This appeal followed.

## ANALYSIS

Our jurisdiction to review decisions of the Veterans Court is limited.  We have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court "and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. § 7292(a), (c).  However, unless a constitutional issue is presented, we may not review factual determinations or the application of law to a particular set of facts.  Id. at § 7292(d)(2); Spencer v. Brown, 17 F.3d 368, 374 (Fed. Cir. 1994).

On appeal, Groves contends that his CUE claim concerns the failure of the Board to address the 1979 medical records diagnosing Groves with anxiety and depression.  Groves alleges that the Veterans Court determined the factual value of those records in the first instance, and challenges the Veterans Court findings.  Since Groves does not challenge the validity of the Veterans Court decision with respect to the validity or interpretation of any statute or regulation relied upon by that court, we lack jurisdiction over this claim.  Groves also appeals the Veterans Court decision that there was no CUE in the Board finding that the wound in his right thigh was only superficial.

---

[1]  Groves' argument regarding the Board's failure to apply these regulations was presented for the first time to the Veterans Court.  Groves must first raise these allegations before the Board and obtain a final decision before appealing on this basis. See 38 U.S.C. §§ 7252, 7266(a).

Likewise, we lack jurisdiction over Groves' appeal of the Veterans Court finding of no CUE as to this determination by the Board.

Finally, Groves alleges that the Board violated his due process rights for failure to comply with the Veterans Claims Assistance Act of 2000 (VCAA) by depriving him of the opportunity to obtain and submit additional records to the Board. But Groves was represented by counsel below and did not present this constitutional argument to the Veterans Court, nor was it considered or decided by that court. Instead, Groves' motion to revise or reverse the March 1981 Board decision on the basis of CUE merely alleged that there was noncompliance with the requirements of the VCAA. The Veterans Court determined that a claim of CUE is not a claim for veterans' benefits, and thus, the duties associated with claims and applications for benefits provided in the VCAA are inapplicable to Groves' appeal. The Veterans Court also determined that the regulations that delineate errors that constitute CUE indicate that the failure of VA to fulfill the duty to assist does not constitute CUE, citing 28 C.F.R. § 20.1403(c)-(d).

As a general rule this court may not consider an argument raised for the first time on appeal. See Boggs v. West, 188 F.3d 1335, 1337-38 (Fed. Cir. 1999) (determining that the court will not consider statutory interpretation questions presented for the first time on appeal). This rule ensures that "parties may have the opportunity to offer all the evidence they believe relevant to the issues ... [and] in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence." Hormel v. Helvering, 312 U.S. 552, 556 (1941). Because Groves did not raise his argument concerning the Board's alleged violation of

his due process rights for failure to comply with the VCAA in the Veterans Court, we will not consider this argument in the first instance.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed.

## COSTS

Each party shall bear its own costs.