NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7104

GARYSON FORD,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Garyson Ford, of Brooklyn, New York, pro se.

Maame A.F. Ewusi-Mensah, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

# United States Court of Appeals for the Federal Circuit

2008-7104

GARYSON FORD,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1175, Judge Ronald M. Holdaway.

_____

DECIDED: October 10, 2008

_____

Before RADER, LINN and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Garyson Ford appeals a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court), <u>Ford v. Peake</u>, No. 06-1175 (Vet. App. Feb. 27, 2008), affirming a Board of Veterans' Appeals (Board) decision denying entitlement to an earlier effective date of service connection for schizophrenia. Because Mr. Ford raises only a new, fact-based challenge on appeal, we <u>dismiss</u> for lack of jurisdiction.

Mr. Ford served on active duty from March 1977 to September 1979. In April 1983, the Veterans Affairs (VA) regional office (RO) denied him service connection for a nervous condition. After denying multiple subsequent claims for service connection, the RO granted service connection in October 1998 and assigned a 100% disability rating

effective November 30, 1993. Mr. Ford filed a claim in November 2002 seeking an earlier effective date. The RO denied this claim in July 2003, and Mr. Ford appealed to the Board. The Board found that Mr. Ford was entitled to an earlier effective date—January 2, 1990—because a claim he had filed on that date was still pending when the RO granted service connection.

Mr. Ford also argued before the Board that the RO committed clear and unmistakable error (CUE) in a November 1983 rating decision by failing to assist him in obtaining records to support his claim for service connection. The Board rejected this argument on the basis that "under 38 C.F.R. § 20.1403(d) (2005), a failure to fulfill VA's duty to assist a claimant with the development of facts relevant to his claim is not an example of a situation constituting CUE."

Mr. Ford appealed to the Veterans Court. He argued only that VA "should have examined the weight and credibility of the evidence" before the RO in November 1983. Because Mr. Ford had not made this argument before the Board, the Veterans Court dismissed Mr. Ford's appeal for lack of jurisdiction.

Mr. Ford appeals the Veterans Court's decision, and we have jurisdiction under 38 U.S.C. § 7292(c). Our jurisdiction is limited to considering "challenge[s] to the validity of a statute or regulation or any interpretation thereof" and to "interpret[ing] constitutional and statutory provisions, to the extent presented and necessary to a decision." Id. Absent a constitutional issue, we cannot review factual determinations or "challenge[s] to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2). Moreover, we cannot review new challenges not raised in the Veterans Court. See Boggs v. West, 188 F.3d 1335, 1337–38 (Fed. Cir. 1999).

Mr. Ford does not challenge the validity or interpretation of a statute or regulation. Mr. Ford does not even appeal the only issue decided by the Veterans Court in dismissing for lack of jurisdiction—i.e., failure to raise before the Board that VA should have examined the weight and credibility of evidence before the RO in November 1983. Instead, Mr. Ford simply argues that he is entitled to an earlier filing date. This challenge to the application of law to fact is not within our jurisdiction. Thus, we must dismiss for lack of jurisdiction.

## COSTS

No costs.