NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7085

GARY P. CALLAHAN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Gary P. Callahan, of Seagoville, Texas, pro se.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief was David Barrans, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge John J. Farley, III

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7085

GARY P. CALLAHAN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1975, Judge John J. Farley, III.

_____

DECIDED:  October 30, 2008

_____

Before NEWMAN, PLAGER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Gary P. Callahan appeals from a 2007 decision of the Court of Appeals for Veterans Claims (Veterans Court).[1]  In its decision, the Veterans Court affirmed a 2006 decision by the Board of Veterans' Appeals (Board) that found no clear and unmistakable error (CUE) in a 1994 decision by a Department of Veterans Affairs (VA) regional office (RO) that denied Mr. Callahan service connection for post-traumatic stress disorder (PTSD).  For the reasons explained below, we <u>affirm</u>.

---

[1]     <u>Callahan v. Mansfield</u>, No. 06-1975 (Vet. App. Oct. 12, 2007).

Mr. Callahan, who served on active duty from July 1966 to July 1968 in Vietnam, filed a claim in December 1993 for service connection for PTSD. In April 1994, a VA physician conducted a psychiatric examination and concluded that Mr. Callahan was not suffering from PTSD. In October 1994, the RO denied service connection for PTSD.

In March 2003, Mr. Callahan filed an application to reopen his claim. In July 2003, after receiving medical records from a Federal correctional institution reflecting a diagnosis of PTSD, the RO granted Mr. Callahan service connection for PTSD and assigned him a 50% disability rating effective March 14, 2003. In an effort to obtain an earlier effective date, Mr. Callahan filed a Notice of Disagreement in which he alleged CUE in the 1994 RO decision that denied service connection for PTSD. In February 2004, the RO found there was no CUE in the 1994 RO decision. Mr. Callahan appealed to the Board, which agreed that there was no CUE in the 1994 RO decision. The Veterans Court affirmed the decision of the Board.[2]

Our review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We address the arguments

---

[2]    In his appeal to the Board, Mr. Callahan also challenged the 50% rating assigned to him by the RO. The Board remanded with instructions for the VA to provide Mr. Callahan with a psychiatric examination to determine the nature and severity of his PTSD symptoms. Therefore, Mr. Callahan's challenge to his initial PTSD rating was not before the Veterans Court and is not part of this appeal.

raised on appeal by Mr. Callahan to the extent they present legal issues within our jurisdiction.

The essence of Mr. Callahan's CUE claim is that the VA failed to obtain the combat history of his military unit and Federal Bureau of Investigation (FBI) records related to his incarceration before adjudicating his claim in 1994. He alleges that these records would have been relevant to the VA's assessment of whether he was suffering from PTSD. The Board and the Veterans Court properly understood Mr. Callahan's claim as an allegation that the VA failed to comply with its duty to assist a claimant in obtaining evidence necessary to substantiate a claim, which is currently set forth in 38 U.S.C. § 5103A. As both the Board and the Veterans court correctly stated, a breach of the duty to assist cannot form the basis for a claim of CUE. 38 C.F.R. § 20.1403(d)(2); Cook v. Principi, 318 F.3d 1334, 1346 (Fed. Cir. 2002) (en banc). This is because a CUE claim can only be based on the record that existed at the time of the original decision, and a breach of the duty to assist in obtaining evidence necessarily implicates evidence that was not before the RO at that time. Cook, 318 F.3d at 1346.

On appeal, Mr. Callahan argues that the VA had a "heightened duty to assist" him when he filed his original claim in 1993 because he was indigent, incarcerated, and acting pro se. Even if a heightened duty exists, however, it does not help Mr. Callahan's case. Because a CUE claim cannot be based on evidence that was not in the record before the RO, the amount of assistance the VA is required to provide in obtaining additional evidence is not the issue.

Mr. Callahan also argues that in addition to a duty to assist, the VA has a duty to fully develop a veteran's claim before deciding it on the merits. As explained in

2008-7085                                        3

Roberson v. Principi, 251 F.3d 1378, 1383-84 (Fed. Cir. 2001) (citing Hodge v. West, 155 F.3d 1356, 1362-63 (Fed. Cir. 1998)), there is such a duty. However, the duty to fully develop a claim refers to a requirement that the VA determine all possible claims raised by the evidence of record, regardless of the specific labels those claims are given in the veteran's pleadings. Id. at 1383; see also Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed. Cir. 2004). Mr. Callahan does not allege a failure by the VA to consider all potential claims raised by the evidence before it, and therefore his allegation that the VA failed to fully develop his claim as described in Roberson is inapposite.

Finally, Mr. Callahan alleges that the VA violated his due process rights, an issue he did not raise before the Veterans Court. Ordinarily, we do not consider arguments raised for the first time on appeal. See Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc); Boggs v. West, 188 F.3d 1335, 1337-78 (Fed. Cir. 1999). Even if we were to consider Mr. Callahan's due process claim in this case, we are not persuaded by his argument that his due process rights were violated.

## COSTS

Each party shall bear its own costs.

2008-7085                                          4