NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JASPER BOGGS, JR.,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7101

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1022, Judge Lawrence B. Hagel.

---

Decided:  December 8, 2010

---

JASPER BOGGS, JR, of Wamego, Kansas, pro se.

MEREDYTH COHEN HAVASY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Direc-

tor, and BRIAN M. SIMKIN, Assistant Director. Of counsel on the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before BRYSON, GAJARSA, and LINN, *Circuit Judges.*

PER CURIAM.

## DECISION

Jasper Boggs, Jr., appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court") denying him benefits for the claimed residual effects from treatment with a single dose of lysergic acid diethylamide-25 ("LSD-25") at a Veterans Administration ("VA") medical facility. We dismiss his appeal for lack of jurisdiction.

## BACKGROUND

1. Mr. Boggs served on active duty in the United States military from May 1953 to April 1955. Between 1962 and 1967, he was admitted four times to VA medical facilities, where he was diagnosed at various points with alcoholism, a duodenal ulcer, chronic and severe anxiety reaction, mild hysterical features, inadequate personality, and a predisposition to a borderline personality. In September 1967, Mr. Boggs was again admitted to a VA facility complaining of various conditions including nervousness and restlessness. During his hospitalization, he signed a consent form and orally consented to participate in an experimental treatment study involving the administration of LSD-25. On October 10, 1967, Mr. Boggs was given one dose of LSD-25. He reported no immediate

adverse effects. Against his doctor's wishes, Mr. Boggs left the hospital on October 15 because one of his children was ill. A subsequent progress report dated October 23 noted "normal social behavior."

In December 1967, Mr. Boggs was briefly admitted to a VA facility complaining of nervous tension and depression. The possibility of additional LSD treatment was discussed at that time, but he was not given any further LSD then or at any time thereafter. In 1968, Mr. Boggs was admitted to a VA facility for alcohol detoxification. In 1969, he was diagnosed with a recurrent duodenal ulcer and chronic undifferentiated schizophrenic reaction. Between 1972 and 1981, he was admitted to VA facilities six times and diagnosed with recurrent peptic ulcer disease, anxiety neurosis, chronic alcoholism, chronic anxiety reaction, adult situational reaction with associated severe anxiety, and organic brain syndrome.

In the decades following his LSD treatment, Mr. Boggs received several medical diagnoses. A few of those diagnoses suggested that Mr. Boggs may have suffered long-term adverse effects from the LSD treatment. Those effects were variously termed "post-LSD syndrome," "post-hallucinogen perception disorder," and "hallucinogen persisting perception disorder." Other treating physicians rejected the view that any of his conditions were related to the LSD treatment. An independent medical examination ("IME") performed in 2003 at the request of the Board of Veterans' Appeals concluded that the likelihood that the LSD treatment had contributed to any of Mr. Boggs's disabilities was less than 50 percent.

2. Mr. Boggs sought compensation under 38 U.S.C. § 1151, contending that his disabilities were caused by improper medical care by the VA in administering LSD to

him in 1967. The VA regional office and the Board of Veterans' Appeals both rejected his claim. Mr. Boggs subsequently sought to reopen his claim, but his request to reopen was rejected by the regional office, the Board, the Veterans Court, and this court. *See Boggs v. West*, 188 F.3d 1335 (Fed. Cir. 1999).

In December 1999, Mr. Boggs again attempted to re-open his claim. After the regional office and the Board denied relief, the Veterans Court remanded the case to the Board on the ground that the Board's decision was not supported by an adequate assessment of the evidence of record. On remand, the Board ordered the independent medical examination and, after receiving the IME results, remanded the case to the regional office. After further proceedings, the regional office denied Mr. Boggs's claim on the merits, and Mr. Boggs again appealed to the Board.

In December 2007, the Board affirmed the denial of Mr. Boggs's claims. The Board determined that the preponderance of the evidence showed that Mr. Boggs's disabilities were not the result of his LSD treatment and that there was accordingly no basis on which to award benefits. The Board noted that the medical evidence in the record was "extensive, somewhat inconsistent, and complicated," but concluded that the diagnoses that raised the possibility that Mr. Boggs's disability was related to his LSD treatment were either "speculative and inconclusive" or "conclusory." In contrast, the Board noted, several of the medical opinions stated categorically that Mr. Boggs's disabilities were not caused by the treatment he received in 1967. The Board placed particular weight on the IME report, which did not altogether dismiss the possibility of treatment-related disability, but found it less than 50 percent likely. The Board found the

IME report to be highly persuasive, thorough, and cogently reasoned in a way that the contrary opinions were not. The Board stated that it was not persuaded to the contrary by medical articles submitted by Mr. Boggs or by statements from Mr. Boggs and his wife regarding the onset of his symptoms.

The Veterans Court affirmed, holding that the Board did not clearly err in finding that a preponderance of the evidence weighed against Mr. Boggs's claim that his disabilities were caused by the LSD treatment. The court noted that the Board had thoroughly examined the relevant evidence and explained why it was persuaded that Mr. Boggs did not have a treatment-related disability. The court expressed concern about the fact that the Board did not discuss the finding in the IME report that Mr. Boggs had not given adequately informed consent to the LSD-25 treatment as required under 38 C.F.R. § 17.32. However, the court found that the Board's error was nonprejudicial in light of the Board's well-supported conclusion that Mr. Boggs had not incurred any disability as a result of the treatment.

Discussion

Mr. Boggs states that the Veterans Court "did not follow" federal statutes and regulations in reaching its decision, and he asks us to review all of the relevant evidence in his case. Mr. Boggs does not make clear which statutes and regulations he claims were not followed. In any event, his claim before the Veterans Court and before us appears to be predicated entirely on a challenge to the Board's evaluation of the evidence before it, a purely factual matter or, at most, an issue of the application of undisputed legal standards to the facts of this case. Before the Veterans Court, he alleged only that

the Board made erroneous findings of fact and erroneously applied 38 C.F.R. §§ 3.361 and 17.32 to the facts of his case. The Veterans Court did not adopt any interpretation of a statute, regulation, or other rule of law in its opinion.

By statute, this court lacks jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent that an appeal presents a constitutional question. 38 U.S.C. § 7292(d); *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). Mr. Boggs's appeal before this court raises purely factual questions, it does not challenge any specific legal ruling by the Veterans Court, and it does not raise a constitutional question. It thus does not present any issue that we have jurisdiction to decide. Because the appeal presents no issue falling within our statutory jurisdiction, we are required to dismiss Mr. Boggs's appeal.[1]

No costs.

## DISMISSED

---

[1] To the extent that Mr. Boggs's appeal may be interpreted as challenging the Board's treatment of the consent issue as nonprejudicial error, we lack jurisdiction to review that ruling as well. *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007).