NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELWOOD J. NOREEN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7097

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 07-2514, Judge Lawrence B. Hagel.

---

Decided: July 22, 2011

---

ELWOOD J. NOREEN, of Bridgewater, New Jersey, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

———————————————

Before NEWMAN, SCHALL, and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Elwood J. Noreen appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans Appeals ("Board") denying his claim for benefits for a lung disorder due to asbestos exposure. *Noreen v. Shinseki*, No. 07-2514, 2010 WL 4806903 (Vet. App. Nov. 19, 2010). We *dismiss* for lack of jurisdiction.

## DISCUSSION

### I.

Mr. Noreen served on active duty with the United States Navy from January of 1951 through November of 1954. In October of 2003, he filed a claim with the Department of Veterans Affairs ("VA") Regional Office ("RO") for "a lung condition secondary to asbestos disclosure." *Noreen*, 2010 WL 4806903, at *1. After the RO denied the claim, Mr. Noreen appealed to the Board.

In May of 2007, the Board denied the claim for lack of service connection. *In re Noreen*, No. 05-36 235 (Bd. Vet. App. May 2, 2007). Central to the Board's ruling was its determination that the opinion of Dr. Frank Maldonado, the VA's specialist, was more probative than that of Dr. M. Lahiri, Mr. Noreen's private treating physician. Dr. Lahiri stated that there was evidence of pleural fibrosis in Mr. Noreen's lungs and that Mr. Noreen's exposure to asbestos during his active service more probably than not

was the cause of his lung condition. *Id.*, slip op. at 5. Dr. Maldonado, however, concluded that there was no evidence that Mr. Noreen had any asbestos-related lung condition. *Id.* at 7. The Board credited Dr. Maldonado's opinion over Dr. Lahiri's because it found the former to be more comprehensive and to be based upon a more detailed review of the evidence. *Id.* at 9-10.

Mr. Noreen appealed the Board's decision to the Veterans Court. As noted, the court affirmed the Board's decision; this appeal followed.

## II.

This court's ability to review a decision of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In its decision, the Veterans Court did not decide any constitutional issue, and it did not interpret any statute or regulation. Rather, the court ruled (1) that the Board's determination that the VA had satisfied its duties to notify and assist was not clearly erroneous; (2) that the Board properly relied on Dr. Maldonado's medical opinion;

and (3) that the Board provided adequate reasons in support of its decision. Accordingly, the court affirmed the Board's decision. On appeal, Mr. Noreen does not raise any constitutional issue, any issue relating to the validity of a statute or regulation, or any issue relating to the Veterans Court's interpretation of a statute, a regulation, or a rule of law. Instead, he challenges the Board's findings of fact relating to his claimed lung disorder. Mr. Noreen thus presents factual contentions that are beyond the scope of our jurisdiction under 38 U.S.C. § 7292(d)(2).

Finally, in his brief, Mr. Noreen states that his claim before the RO included a request for an increased rating for hearing loss. However, it does not appear this issue was raised before the Board or the Veterans Court. As seen, pursuant to 38 U.S.C. § 7292(a), we may only review a ruling of the Veterans Court on a matter within our jurisdiction if it was relied on by the court in its decision Moreover, "[a]s a general rule, an appellate court will not hear on appeal issues that were not clearly raised in the proceedings below." *Boggs v. West*, 188 F.3d 1335, 1337-38 (Fed. Cir. 1999). In any event, Mr. Noreen's statement in support of the claim ("The VA's hearing test documented the increased hearing loss and the claim should have been approved. The noise level on the aircraft carrier was way beyond the safe decibel levels.") presents factual issues that are beyond the scope of our jurisdiction.

### III.

For the foregoing reasons, Mr. Noreen's appeal is dismissed for lack of jurisdiction.

Each party shall bear its own costs.

**DISMISSED**