NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARVIN E. SANDERS,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1252

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4867, Judge Scott Laurer.

---

Decided: November 9, 2022

---

MARVIN E. SANDERS, Compton, CA, pro se.

ANN MOTTO, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, CHEN, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Marvin E. Sanders appeals a decision of the U.S. Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' denial of earlier effective dates for his disability benefits and determining that it lacks jurisdiction over Mr. Sanders' claim of clear and unmistakable error. We affirm.

## BACKGROUND

Mr. Sanders served on active duty in Vietnam from September 1972 to September 1976 and from November 1977 to October 1981.  Government SApp'x 52[1]. While in service, Mr. Sanders complained of back pain, headaches, and pain in his right eye.  *See id.* at 70; *see also* Reply Br. 2.

In August 1986, Mr. Sanders submitted a disability claim for back, head, and eye injuries, which was denied by the VA Regional Office ("Regional Office") in November 1986.  *See* Government SApp'x 70.  Mr. Sanders did not appeal that decision and it became final.  *Id.* at 53.

On September 19, 2005, Mr. Sanders filed a claim for disability benefits due to degenerative disc disease ("DDD") of the cervical and lumbar spine.  Sanders SApp'x 13-14[2]. The Regional Office denied his claim, and Mr. Sanders

---

[1]    "Government SApp'x" refers to the appendix attached to the Government's Response Brief.

[2]    "Sanders SApp'x" refers to the appendix attached to Mr. Sanders' Opening Brief.  The page numbers refer to the electronic filing system page number at the top of each page.

timely appealed to the Board of Veterans' Appeals ("Board"). *Id.*

In March 2006, Mr. Sanders sought to reopen his August 1986 disability claims for back pain, headaches, and pain in his right eye. Government SApp'x 31. The Regional Office denied the request, and Mr. Sanders timely appealed. *Id.*

On appeal, the Board denied service connection for DDD of the lumbar spine. *Id*. at 63. The Board remanded Mr. Sanders' claim of service connection for headaches and head injury, as well as DDD of the cervical spine, because it found that new and material evidence had been submitted for both of these claims. *Id*. at 51–67. The Board further determined that Mr. Sanders should undergo a VA examination, which was administered on February 17, 2009. *Id.* at 46-47, 66.

On August 20, 2010, the Regional Office granted Mr. Sanders' claim for disability benefits for (1) headaches and head injury effective March 31, 2006; (2) DDD of the cervical spine effective September 19, 2005; and (3) DDD of the lumbar spine effective February 17, 2009. Sanders SApp'x 11. Mr. Sanders appealed to the Board, arguing he was entitled to an effective date of September 13, 1972, for all claims, which the Board denied. Government SApp'x 10–26.

Mr. Sanders appealed to the Court of Appeals for Veterans Claims ("the Veterans Court"). He argued that he was entitled to a 1972 effective date and that the November 1986 rating decision was based on a clear and unmistakable error ("CUE"). *Sanders v. McDonough*, 2021 WL 3864370 at *1 (Vet. App. Aug. 31, 2021) ("*Decision*"). The Veterans Court affirmed the Board's decision denying the earlier effective dates and determined that it lacked jurisdiction over Mr. Sanders' CUE claims. *Id.* Mr. Sanders timely appealed. We have jurisdiction over appeals from the Veterans Court pursuant to 38 U.S.C. § 7292(a).

## STANDARD OF REVIEW

We review the Veterans Court's legal determinations de novo. *Blubaugh v. McDonald*, 773 F.3d 1310, 1312 (Fed. Cir. 2014). Our authority over Veterans Court decisions is limited. We have no authority to engage in fact finding. 38 U.S.C. § 7292(d)(1). We affirm the Veterans Court unless the decision is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id*.

## DISCUSSION

We affirm the Veterans Court's determination that Mr. Sanders was not entitled to earlier effective dates. *Decision* at *1–3. Generally, "the effective date of an award based on an initial claim . . . shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a)(1). Accordingly, Mr. Sanders is entitled to an effective date that corresponds with the day each of his disability claims at issue here were received. We affirm the Veterans Court's determination that the effective date for the DDD of the cervical spine is September 19, 2005—the date that he filed the initial claim. *Decision* at *2–3. Regarding Mr. Sanders' remaining claims, we have held that "the earliest effective date for an award on a reopened claim is the date of the request for reopening, not the date of the original claim." *Ortiz v. McDonough*, 6 F.4th 1267, 1270–71 (Fed. Cir. 2021) (citing *Sears v. Principi*, 349 F.3d 1326, 1331 (Fed. Cir. 2003); 38 C.F.R. § 3.400(q)–(r)). We thus affirm the Veterans Court's determination that Mr. Sanders is entitled to an effective date for his disability benefits for service-connected headaches and head injury of March 31, 2006, and its determination that Mr. Sanders "could not receive an effective date earlier than [February

17, 2009]" for the DDD of the lumbar spine. *Decision* at *2–3.

Next, Mr. Sanders argues that the Veterans Court erred in its decision that it lacked jurisdiction over his CUE claims. The Veterans Court determined that it did not have jurisdiction over Mr. Sanders' CUE claims because Mr. Sanders failed to file a notice of disagreement alleging CUE occurred in his November 1986 rating decision as required under 38 U.S.C. § 7105(a).[3] *Decision* at *4. We have held that the Veterans Court has jurisdiction over a CUE claim so long as the veteran raised the CUE claim to the Regional Office, appealed the adverse decision to the Board, and then appealed the Board's adverse decision to the Veterans Court. *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002). Here, Mr. Sanders failed to appeal the Board's decision finding no CUE in the November 1986 Ratings Decision. Accordingly, we affirm the Veterans Court's determination that it lacks jurisdiction over the CUE claims.

Mr. Sanders also argues that he was denied due process when he was not provided a physical or mental examination before the November 1986 ratings decision. Mr. Sanders did not allege that his due process rights had been violated in the Veterans Court. We, therefore, do not have jurisdiction to review factual questions of whether Mr. Sanders received a physical or mental evaluation before November 1986. *Johnson v. Derwinski*, 949 F.2d 394, 395

---

3    We note, as did the Veterans Court, that Mr. Sanders has filed other notices of disagreement raising CUE with respect to some of his other RO rating decisions. *Decision* at *4. However, as the Veterans Court explained, these previous notices of disagreement did not consider whether there was CUE in the November 1986 rating decision, and therefore did not properly begin the appeal process with respect to this issue.

(Fed. Cir. 1992) ("[T]his court may not generally review challenges to factual determinations."). In addition, as a general rule, this court may not consider an argument raised for the first time on appeal. *See Boggs v. West*, 188 F.3d 1335, 1337–38 (Fed. Cir. 1999). With respect to due process claims that were not presented below, we exercise discretion whether to hear a due process argument on appeal. In this case, we decline to exercise such discretion.

We note that Mr. Sanders is not prohibited from seeking a CUE claim in the November 1986 ratings decision. A "request for revision of a decision of the Secretary based on clear and unmistakable error may be made at any time after that decision is made." *Andre*, 301 F.3d at 1362 (quoting 38 U.S.C. § 5109A(d)).

### CONCLUSION

We *affirm* the Veterans Court's affirmance of the Board's decision denying Mr. Sanders an earlier effective date than March 31, 2006, for service-connected headaches and head injury; September 19, 2005, for service-connected DDD of the cervical spine; and February 17, 2009, for service-connected DDD of the lumbar spine. We also *affirm* the Veterans Court's finding that it lacks jurisdiction over Mr. Sanders' CUE claims.

**AFFIRMED**

### COSTS

No costs.