**J.R. MEANS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–574.

United States Court of Veterans Appeals.

Oct. 18, 1996.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.*

## ORDER

PER CURIAM.

The decision on the merits in this case was issued on July 20, 1995. The Court subsequently issued its judgment and mandate. In its decision, the Court found that the appellant's claim was not well grounded. Under the then-controlling precedent, the Court vacated the Board of Veterans' Appeals (BVA) decision, which had denied the claim on the merits, and remanded with directions to the BVA to vacate the underlying VA regional office (RO) decision. *Means v. Brown*, U.S. Vet.App. No. 94–574, 8 Vet.App.

---

* This case was assigned to Judge Mankin, who issued the decision on the merits, but died while the instant motion was pending. The matter was assigned to this panel according to the Court's random assignment procedure.

145 (mem. dec. July 20, 1995) (citing *Grottveit v. Brown*, 5 Vet.App. 91 (1993)).

The Secretary has filed a motion to recall and clarify the mandate, asking whether the remedy provided in *Edenfield v. Brown*, 8 Vet.App. 384 (1995) (en banc) would now control. Based on the Secretary's motion and the appellant's opposition to the motion, it appears that the 1992, 1993, and 1994 actions of the VARO on this matter have not been vacated. The Secretary asserts that, under *Edenfield*, the remedy in the circumstances outlined above is to affirm the BVA's denial of the claim on the merits. The appellant, through counsel, opposes the Secretary's motion. The appellant argues that the "law of the case" doctrine is controlling, and that application of the *Edenfield* remedy would prejudice him. He argues that this case does not fit the exception to the "law of the case" doctrine where there is an intervening change in controlling law by a tribunal superior to this Court.

In support of his argument that he would be prejudiced by application of the *Edenfield* remedy, the appellant points out that VA policy at the time the Court's decision in this case became final would have treated his initial claim as "incomplete," would have notified him of the evidence needed, and would have given him the opportunity to provide additional evidence so as to render his claim well grounded. VA ADJUDICATION PROCEDURE MANUAL, M21-1, Part IV, para. 38.06 (issued June 12, 1995). According to the Manual provision cited by the appellant, if he subsequently prevailed, "the date of the claim which resulted in the vacated decision by the Court [would] be controlling for entitlement purpose." *Ibid.* (The Court notes that, under 38 U.S.C. § 5110(a), the date of the claim is not necessarily "controlling" but would be the earliest effective date possible.) Under *Edenfield*, he argues, he would be required to reopen his claim with new and material evidence. *See* 38 U.S.C. § 5108. Should he ultimately prevail, his effective date for entitlement purposes would be based upon the date he initiated his effort to reopen. 38 U.S.C. § 5110(a), (i).

▮ *Edenfield* was decided subsequent to the 1995 decision in this case, and if this case arose today, the Court would affirm the BVA decision rather than vacate that decision and order that the RO decision be vacated as well. However, under the "law of the case" doctrine, an earlier determination by an appellate court is binding upon any administrative tribunal subject to the decision of that court, and such an administrative body is "without power to do anything which is contrary to either the letter or spirit of the mandate construed in light of the opinion of the court deciding the case." *See Browder v. Brown*, 5 Vet.App. 268, 270 (1993), (citing *City of Cleveland v. Federal Power Commission*, 561 F.2d 344, 346 (D.C.Cir.1977)); *see also Winslow v. Brown*, 8 Vet.App. 469, 472 (1996). While there are limited exceptions to this doctrine, including the one addressed by the appellant, none is applicable here.

▮ Our mandate in this case issued on October 10, 1995. The *Edenfield* opinion was filed on November 1, 1995. To permit the Secretary not to comply with our mandate because *Edenfield* changed controlling law is to give retrospective effect to that decision. That is not ordinarily done in a closed case, and should not be done here. *See Hamilton v. Brown*, 4 Vet.App. 528, 540 (1993); *see also Breslow v. Brown*, 5 Vet.App. 560, 561 (1993) (Court would not entertain collateral attack on closed case based on subsequent change in controlling law). *But cf. Meyer v. Brown*, 9 Vet.App. 425, 432 (1996) (*Edenfield* applies to case pending on appeal at time *Edenfield* issued).

In that this order provides clarification as to the meaning of the mandate in the instant case, the Secretary has been given the relief he seeks. Accordingly, it is

ORDERED that the Secretary's motion to recall and clarify the mandate is DENIED. The October 10, 1995, mandate is binding upon the Secretary. His expeditious compliance with that mandate is required by the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, § 302, 108 Stat. 4658 (1994) (found at 38 U.S.C. § 5101 note).