**Harold LOGAN, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 99–7175.

United States Court of Appeals, Federal Circuit.

July 25, 2003.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Harold Logan, a Marine Corps veteran, appeals from the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") declining his request that the court direct the Department of Veterans Affairs to assign an earlier effective date to his disability rating. We *affirm.*

I

In 1987, Mr. Logan submitted a request to a regional office of the Veterans Administration, seeking to reopen an earlier, denied claim for disability benefits. Mr. Logan contended that he was suffering from post traumatic stress disorder ("PTSD"). In May 1988, the regional office granted Mr. Logan's request, found him to be suffering from service-connected PTSD, rated his disability at 10 percent, and made the decision retroactive to April 15, 1987. Mr. Logan appealed the effective date of the rating to the Board of Veterans' Appeals ("BVA"), but he did not appeal the 10 percent disability rating level. The BVA denied the appeal.

In September 1989, Mr. Logan asked the Veterans Administration to increase his disability rating, but the regional office denied his request. Later, during a hospital stay from July 10, 1990, to November 1, 1990, Mr. Logan was rated as having a temporary total disability. Following his

release from the hospital, Mr. Logan's disability rating was increased to 50 percent. In June 1991, Mr. Logan submitted a claim to the regional office that he should be rated as totally disabled for PTSD as of April 15, 1987. When the regional office denied that claim, Mr. Logan again appealed to the BVA. In August 1992, the BVA remanded Mr. Logan's case to the regional office to consider claims for secondary service connection for alcohol and drug abuse and a disability rating higher than 10 percent for PTSD, dating from April 15, 1987.

In a May 1994 remand decision, the regional office granted Mr. Logan's claim for secondary service connection and rated Mr. Logan as 100 percent disabled by PTSD, effective September 15, 1989. The regional office, however, denied Mr. Logan's request that the 100 percent disability rating be extended back to April 1987. The regional office explained that because Mr. Logan did not appeal the 10 percent rating he was assigned in May 1988, that evaluation became final on June 9, 1989. Therefore, the regional office stated, in order for Mr. Logan to obtain a rating higher than 10 percent prior to his September 1989 request for an increase, he was required to show that the regional office committed clear and unmistakable error ("CUE") when it issued its 10 percent rating in May 1988. The regional office determined that, based on the evidence before the office in 1988, a disability rating higher than 10 percent was not warranted at that time. Consequently, the regional office found that the May 1988 decision did not contain CUE.

Mr. Logan appealed the regional office's remand decision to the BVA. In an April 1995 decision, the BVA agreed that the 10 percent disability rating issued in May 1988 was final because Mr. Logan had not appealed that rating level. The BVA also found that Mr. Logan had disclaimed in his

BVA appeal brief any allegation that the May 1988 rating action contained CUE.

Mr. Logan did not appeal the April 1995 BVA decision. However, in August of 1995 Mr. Logan sent a letter to the regional office asserting that the May 1988 rating decision contained CUE because it did not assign a rating higher than 10 percent for his service-connected PTSD and because it failed to adjudicate his alleged informal claim for substance abuse disability secondary to his service-connected PTSD. The regional office replied that it had no jurisdiction to adjudicate Mr. Logan's CUE claim because the BVA had ruled on that issue in April 1995.

Mr. Logan appealed the regional office's refusal to address the merits of his CUE claim. In a July 1997 decision, the BVA agreed that *res judicata* barred the regional office from considering Mr. Logan's CUE claim because the BVA had already issued a final decision on that matter. The BVA stated that if Mr. Logan disagreed with the conclusion of the regional office in May 1994 that the May 1988 rating did not contain CUE, he should have argued that point to the BVA in his 1995 appeal. The BVA explained that, in his brief submitted in connection with the 1995 appeal, Mr. Logan had specifically disclaimed any argument that the 1988 regional office decision contained CUE, and that because that issue was settled, he was not free to relitigate it.

Mr. Logan appealed the BVA's July 1997 decision to the Veterans Court, arguing that the May 1988 regional office decision contained CUE because the decision (1) failed to assign a disability rating higher than 10 percent; and (2) failed to adjudicate an informal claim for substance abuse disability secondary to his service-connected disability for PTSD. In a June 1999 decision the Veterans Court agreed with the BVA that *res judicata* precluded

Mr. Logan from arguing that the 10 percent disability rating level constituted CUE and that it was therefore proper for the BVA not to address the merits of the CUE claim regarding the rating level. The court added that, even setting aside the BVA's *res judicata* ruling, the evidence adduced by Mr. Logan before the regional office was not sufficient to establish that the May 1988 regional office decision contained CUE.

The court also rejected Mr. Logan's argument that he had made an informal claim of substance abuse disability secondary to his service-connected PTSD disability in May 1988. The court held that the medical record that Mr. Logan claimed to be an informal claim for benefits did not indicate an intent to apply for benefits. The court therefore affirmed the BVA's decision on the substance abuse issue as well.

## II

In his appeal to this court, Mr. Logan argues that the Veterans Court misinterpreted its jurisdictional statute, 38 U.S.C. § 7261, by failing to review whether the BVA was required to adjudicate whether there was CUE in the regional office's May 1988 decision. As part of that contention, Mr. Logan argues that the question whether a regional office's rating decision contains CUE is a question of law that the Veterans Court is required to review *de novo*. If the court had exercised *de novo* review, according to Mr. Logan, it would have concluded that the BVA was required to decide whether his CUE claim was meritorious.

## A

■ With respect to the 10 percent rating level issue, there are two problems with Mr. Logan's argument. First, to the extent that he premises his claim of error

on the Veterans Court's failure to apply the *de novo* standard of review in reviewing the decision of the BVA, he has waived that issue by not properly presenting it to the Veterans Court. Before that court, Mr. Logan argued:

> Upon review of a BVA decision finding no CUE in a prior adjudication, the Court's standard of review is to determine whether that conclusion was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and whether the Board provided an adequate statement of reasons or bases for its determination. *Russell [v. Principi*, 3 Vet.App. 310, 314–15 (1992)(en banc) ]. *McGhee v. Brown*, 5 Vet.App. 441, 443 (1993).

That was exactly the same standard that the Veterans Court applied in this case. The Veterans Court wrote:

> [T]he Court's review with regard to a CUE claim is limited to determining whether the Board's conclusion in the decision on appeal, that there was no CUE in a prior decision, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" (38 U.S.C. § 7261(a)(3)(A)) and whether it is supported by an adequate statement of reasons or bases (38 U.S.C. § 7104(d)(1)).

Mr. Logan did not argue to the Veterans Court that the quoted statutory language required that the court exercise *de novo* review of his CUE claim, regardless of the procedural posture of the claim before the BVA. In his reply brief in this court, Mr. Logan criticizes the Veterans Court's decision in *Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc), which held that the "arbitrary and capricious" standard of review applies to determining whether CUE exists in a prior rating decision. He argues that *Russell* should not be followed be-

cause it "gave absolutely no discussion or explanation as to why that was the standard of review to be employed. Further, the *Russell* court gave absolutely no consideration to the type of question involved in CUE consideration and whether such a question is purely a question of law." Yet in his brief to the Veterans Court, Mr. Logan cited the *Russell* case as setting forth the proper standard of review; nowhere in his brief to the Veterans Court did Mr. Logan criticize *Russell* or suggest in any way that the standard set forth in *Russell* was wrong and that the court should not follow it.

Mr. Logan argues that he could not be expected to have presented his argument regarding the appropriate standard of review to the Veterans Court because that would require him to predict which standard the Veterans Court would actually use in its decision. That argument might have some force if the Veterans Court had unexpectedly applied a new standard of review, contrary to what Mr. Logan could reasonably have expected. In this case, however, the standard of review applied by the court came as no surprise; indeed, as we have indicated, it was the very standard that Mr. Logan contended was appropriate.

Thus, the Veterans Court applied the standard of review that Mr. Logan urged the court to apply and did not reject any argument he made based on the appropriate standard of review. Having urged upon the Veterans Court the very standard that that court applied, he cannot now contend in this court that when the Veterans Court applied that standard it committed reversible error. *See Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed.Cir. 2002) (en banc) ("[T]he fact that the appellant specifically urged [below] the legal rule that he now challenges [on appeal] counsels against consideration of the is-

sue."); *see generally Boggs v. West*, 188 F.3d 1335, 1337–39 (Fed.Cir.1999); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2558, at 470 (2d ed. 1995) ("The [invited error] rule, which is a branch of the doctrine of waiver, holds that 'a party may not complain on appeal of errors that he himself invited ... the court ... to commit.' " (citation omitted)).

If Mr. Logan wished to preserve the issue of the proper standard of review on appeal in this court, he had an obligation to make his argument to the Veterans Court in the first instance. By arguing in favor of the standard of review that he now contends is erroneous, Mr. Logan has forfeited his right to claim that the Veterans Court applied the wrong standard of review.

Second, Mr. Logan has not discussed the ground on which the Veterans Court declined to address the merits of his CUE claim. The Veterans Court declined to address the merits of Mr. Logan's CUE claim, not because of its standard of review but because the BVA had rejected that claim based on the doctrine of *res judicata*. Before the Veterans Court, Mr. Logan did not challenge the BVA's determination that *res judicata* barred the regional office from considering his CUE claim. In this court, Mr. Logan has not addressed the question whether it was appropriate to apply *res judicata* to his CUE claim or whether the Veterans Court was correct to decline to address the merits of the BVA's *res judicata* ruling. Rather, his argument is simply that the Veterans Court is obligated to conduct a *de novo* review of the CUE issue and that it was therefore required to direct the BVA to address the merits of that claim.

Under these circumstances, even if we were to address Mr. Logan's argument regarding the standard of review and hold

that a *de novo* standard of review applies to the CUE claim he has raised, he would not be not entitled to relief. He has not preserved his right to challenge the legal ground on which the BVA ruled against him, and that legal ground was not dependent on the court's standard of review. Moreover, there is no compelling reason for us to disregard Mr. Logan's waiver and address the merits of the BVA's *res judicata* ruling. It is well established that the principles of finality and *res judicata* are applicable to veterans disability claims, *Cook v. Principi,* 318 F.3d 1334, 1336–37 (Fed.Cir.2002) (en banc); *Routen v. West,* 142 F.3d 1434, 1437 (Fed.Cir.1998), and even now Mr. Logan does not suggest any reason to conclude that the BVA's application of principles of *res judicata* in this case was erroneous. We therefore conclude that the Veterans Court did not err in holding that the BVA was not required to address the merits of Mr. Logan's CUE claim regarding the effective date of his 10 percent rating level.

### B

■ To the extent that Mr. Logan raises the question whether the Veterans Court erred in its disposition of his claim that the regional office committed CUE by failing to consider a claim for total disability based on individual unemployability ("TDIU") in May 1988, we deny relief with respect to that argument as well. The Veterans Court rejected his TDIU claim on the ground that it was not raised before the BVA with the specificity required by the BVA's cases. Mr. Logan does not address the specificity requirement on which the Veterans Court ruled, other than to argue generally that the Veterans Court is required under the *de novo* standard of review to address all issues raised before it. Again, the propriety of the *de novo* standard of review was not preserved as an issue on appeal, but even if we were

to hold that a *de novo* standard of review applies, that does not mean that the Veterans Court must address issues that have not been property presented to the BVA. Even a *de novo* standard of review is still a standard for *review,* which contemplates having a ruling to review. With respect to Mr. Logan's contention that the May 1988 regional office decision contained CUE because the regional office failed to treat the record before it as raising an informal TDIU claim, the Veterans Court concluded that that argument was not presented to the BVA with the requisite specificity. Because Mr. Logan has not challenged that ruling, we have no grounds for overturning the Veterans Court's decision on that point. Indeed, although the Veterans Court discussed the TDIU claim in some detail, Mr. Logan has not directly addressed any of the grounds on which the Veterans Court rejected that claim. It is not enough for Mr. Logan simply to insist that the Veterans Court should have reviewed that claim regardless of whether it had been properly presented to the BVA. In order for a party to show error on the part of the Veterans Court, the party must demonstrate that that court has incorrectly resolved an issue as to which the party has appealed from the BVA. *See* 38 U.S.C. § 7252 (giving the Veterans Court jurisdiction "to review decisions of the Board of Veterans' Appeals"); *Ledford v. West,* 136 F.3d 776, 779 (Fed.Cir.1998) (the Veterans Court's jurisdiction "is premised on and defined by the Board's decision concerning the matter being appealed"). Because Mr. Logan has failed to make such a demonstration with respect to the TDIU claim, we uphold the Veterans Court's ruling on that issue.