NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT E. ROBINSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1784

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2296, Senior Judge Robert N. Davis.

---

Decided: February 18, 2022

---

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by JOHN F. CAMERON, John F. Cameron, Attorney at Law, Montgomery, AL.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH

MARIE HOSFORD; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

HUGHES, *Circuit Judge.*

The Board of Veterans' Appeals granted Robert E. Robinson disability benefits with an effective date of May 2, 1992. Mr. Robinson appealed the Board's effective-date determination, and the Court of Appeals for Veterans Claims affirmed. Mr. Robinson now appeals to us, arguing that the Veterans Court erred by incompletely applying the test for determining the law of the case and by applying the wrong standard of review in analyzing whether a document constitutes a decision. Because the Veterans Court articulated and applied the correct law-of-the-case test and because Mr. Robinson forfeited his standard-of-review argument, we affirm.

I

Mr. Robinson served in the Army from February to June 1974 and from October to November 1977. He filed a claim for disability compensation in December 1974 after experiencing shortness of breath, inability to concentrate, chills, nervousness, dizziness, and blackout spells. The Veterans Affairs regional office issued a rating decision denying Mr. Robinson's application in July 1975, finding no service connection.

Mr. Robinson then requested to reopen his application three times:

First, in August 1979, Mr. Robinson filed a request to reopen his December 1974 application—although at that time Mr. Robinson characterized this request as his "first claim for VA compensation." Appx104. The RO sent a letter in response, informing Mr. Robinson that he had

previously applied for benefits in December 1974 and asking if he had additional information to submit. Mr. Robinson responded that he had never filed a claim and asked the RO to either provide evidence that he had filed a prior claim or to review his request on the merits. The RO then forwarded a copy of Mr. Robinson's December 1974 application to Mr. Robinson. The record contains no further communications regarding this request to reopen.

Second, in April 1980, Mr. Robinson filed a request to reopen his December 1974 application, indicating that his doctor had made new findings about Mr. Robinson's mental health. The RO sent a letter to Mr. Robinson's doctor, requesting additional information. Mr. Robinson's doctor responded with an evaluation of Mr. Robinson's mental health. The RO, considering this evidence, determined that the evidence did not alter the validity of the RO's previous denial.

Third, in May 1992, Mr. Robinson again filed a request to reopen his December 1974 application. The RO denied his claim, determining that the evidence received was not new or material to establish service connection. Mr. Robinson appealed, and his case went back and forth between the Board of Veterans' Appeals and the Veterans Court for several years. Relevant to this appeal, the Board in 1997 affirmed an RO rating decision that denied Mr. Robinson's third request to reopen for failure to submit new evidence. The Veterans Court vacated and remanded the 1997 Board decision on appeal in light of new precedent from our court.

Finally, in July 2011, the Board granted Mr. Robinson service connection for schizophrenia and basic eligibility for Dependents' Educational Assistance. The Board assigned an effective date of May 2, 1992 for both entitlements, corresponding to the date that Mr. Robinson filed his third request to reopen. Mr. Robinson disagreed with and challenged the Board's effective-date determination.

The Veterans Court affirmed. Mr. Robinson now appeals to us.

## II

We analyze de novo the Veterans Court's interpretation of law. *Bazalo v. West*, 150 F.3d 1380, 1382 (Fed. Cir. 1998). And we cannot review challenges to factual determinations or applications of law to facts. 38 U.S.C. § 7292(d)(2).

## A

Mr. Robinson first argues that the Veterans Court erred in its analysis of the law-of-the-case doctrine because the court ignored part of the doctrine. Under the law-of-the-case doctrine, courts generally refuse to reconsider questions of law and fact that have already been decided during litigation to "prevent relitigation of issues." *Suel v. Sec'y of Health & Hum. Servs.*, 192 F.3d 981, 984–85 (Fed. Cir. 1999); *see Means v. Brown*, 9 Vet. App. 482, 483 (1996) (applying the doctrine to a Board decision). The doctrine extends to both explicit findings and "things decided by necessary implication." *Smith Int'l, Inc. v. Hughes Tool Co.*, 759 F.2d 1572, 1577 (Fed. Cir. 1985) (cleaned up). But the law-of-the-case doctrine is not absolute. For example, a trial court is free to reexamine findings on remand that are "not examined in, relied on, or otherwise necessary to" the corresponding appellate decision. *Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir. 1991).

The Board, in its 1997 decision, referred to the RO's first rating decision in 1975 as "the last final rating decision denying service connection for a psychiatric disorder." Appx64. Mr. Robinson asserts that this is a fact finding to which the Board and the Veterans Court are now bound under the law-of-the-case doctrine. If the 1975 rating decision is the "last final" denial of Mr. Robinson's claim, then, by implication, Mr. Robinson's subsequent requests to reopen were never finally denied and are still pending. The

Board could, under this theory, award Mr. Robinson an effective date as early as August 10, 1979—the date of his first request to reopen. *See* 38 U.S.C. § 5110(a)(1) ("[T]he effective date of an award . . . shall not be earlier than the date of receipt of application therefor."); 38 C.F.R. § 3.400(r) (setting the effective date for reopened claims as the "[d]ate of receipt of [the] claim").

The Board and Veterans Court both rejected this argument. The Board determined that the 1997 decision is, "at best, ambiguous as to whether the last final denial was in 1975 or 1980." Appx25. The Board further determined that the Veterans Court, in a 2000 decision on appeal from the Board's 1997 decision, had analyzed an entirely separate issue and "did not reach the question of which RO decision was the last final rating decision." Appx25. Because the Board in its 1997 decision did not appear to have made the alleged factual finding and because—even if the Board did so find—the Veterans Court in 2000 did not consider or rely on that alleged finding on appeal, the Board concluded that the law-of-the-case doctrine does not apply. The Board then determined that the last final denial actually occurred in May 1980, in response to Mr. Robinson's second request to reopen. Appx25.

The Veterans Court affirmed the Board's conclusion, discerning no error in the Board's analysis. The Veterans Court articulated the correct law-of-the-case standard, analyzed the facts of the case, determined that "the Court in 2000 [had] not specifically identif[ied] the last final rating decision," and concluded that "it was not an error for the Board to find the last final denial was the May 1980 rating decision." Appx3–4.

Mr. Robinson argues that the Veterans Court erred because it considered only whether the previous decisions "specifically identif[ied]" or "expressly contemplate[d]" the alleged factual finding. Appellant's Br. 15; Appx4. Mr. Robinson asserts that the law-of-the-case doctrine

"comprehends things *decided by necessary implication* as well as those decided explicitly." Appellant's Br. 12 (quoting *Smith Int'l*, 759 F.2d at 1577 (emphasis added)). According to Mr. Robinson, the Veterans Court did not "assess[] law of the case in the light of what the Board and the Veterans Court actually decided—whether explicitly or by necessary implication." Appellant's Br. 12.

We disagree. The Veterans Court articulated the correct standard, recognizing that it is "without power to do anything which is contrary to *either the letter or spirit* of the mandate construed in light of the opinion of the court deciding the case." Appx3 (emphasis added) (quoting *Browder v. Brown*, 5 Vet. App. 268, 270 (1993)). And while the Veterans Court did discuss what the 1997 Board decision and 2000 Veterans Court decision specifically identified and expressly contemplated, nothing in the Veterans Court's discussion indicates that it limited its analysis to those express findings or otherwise impermissibly narrowed the doctrine. In fact, the Veterans Court emphasized that the 1997 decision "when read [i]s, at best, ambiguous as to whether the last final denial was in 1975 or 1980," indicating that it analyzed the decision holistically. Appx4 (quoting Appx25).

To the extent that Mr. Robinson argues to us that the 1997 decision and subsequent appellate decision explicitly or implicitly found that the 1975 rating decision is his last final denial, that is an application of law to fact that we cannot review. 38 U.S.C. § 7292(d)(2). Therefore, we affirm the Veterans Court's law-of-the-case conclusion.

B

Mr. Robinson next argues that the Veterans Court applied the wrong standard of review in determining whether a letter from the RO constitutes a rating decision.

In August 1979, Mr. Robinson filed his first request to reopen his claim for disability benefits. The RO responded

in September 1979, informing Mr. Robinson that he had previously filed an application for benefits that had been denied, asking Mr. Robinson if he had acquired additional evidence, and attaching a Notice of Procedural and Appellate Rights. Mr. Robinson asserts that this RO letter is a rating decision. A few days after receiving the RO letter, Mr. Robinson responded, stating that he had not previously filed an application and requesting that the Board provide evidence that he had filed such an application. Mr. Robinson asserts that his response constitutes a Notice of Disagreement that triggered the Board's duty to issue a statement of the case. *See* 38 U.S.C. § 4005(d) (1976)[1]; *Collaro v. West*, 136 F.3d 1304, 1308 (Fed. Cir. 1998) ("Once the agency receives a claimant's NOD, . . . [t]he agency must prepare a statement of the case."). Because the Board never issued a statement of the case as it was required to do, Mr. Robinson argues that his 1979 request to reopen is still pending and that the Board could therefore award him an earlier effective date.

The Board disagreed with Mr. Robinson, concluding that the RO letter is not a decision and that Mr. Robinson's response is not a Notice of Disagreement. Appx23–24. And the Veterans Court determined that the Board "did not clearly err in finding that the [RO letter] was not a decision." Appx4. Mr. Robinson alleges that the Veterans Court erred in analyzing this issue for clear error rather than de novo.[2]

---

[1]    This provision was later renumbered to § 7105. Pub. L. No. 102-40, § 402(b)(1), 105 Stat. 187, 238 (1991). And has since been amended. Pub. L. No. 115-55, § 2(q)(1)(D), 131 Stat. 1105, 1112 (2017).

[2]    The Veterans Court has held that "[w]hether a document is an NOD is a question of law for the Court to determine de novo." *Beryle v. Brown*, 9 Vet. App. 24, 28

Importantly, Mr. Robinson argued for a clear-error standard of review in his briefing before the Veterans Court. *See* Appx155 ("[T]he Board made the *clearly erroneous* finding that the September 1979 VA document was not a decision." (emphasis added)). We have previously determined that an appellant who "urged upon the Veterans Court the very standard that that court applied" forfeits any argument on appeal that the Veterans Court "committed reversible error" "when [it] applied that standard." *Logan v. Principi*, 71 F. App'x 836, 838–39 (Fed. Cir. 2003); *see also Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc) ("[T]he fact that the appellant specifically urged the legal rule that he now challenges counsels against consideration of the issue."). We accordingly conclude that Mr. Robinson forfeited his argument that the Veterans Court should have applied a de novo standard of review because Mr. Robinson had advocated for a clear-error standard of review in his briefing to the Veterans Court. Therefore, we affirm the Veterans Court's conclusion that the RO letter is not a decision and that Mr. Robinson's response is not a Notice of Disagreement.

---

(1996). But neither Mr. Robinson nor the government cites to an opinion that explicitly identifies the standard of review for whether a document is a *rating decision*. *See* Oral Arg. at 21:48–22:22, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1784_02072022.mp3 ("I am not aware of any case law that specifically identifies criteria or a test to make that determination."). Although both parties contend that the standard of review is also de novo, Appellant's Br. 17; Oral Arg. at 20:37–21:47, we do not need to decide what the appropriate standard of review is to reach our conclusion, so we leave this issue open.

## III

For the reasons above, we affirm the Veterans Court's decision.

**AFFIRMED**

No costs.