# United States Court of Appeals
# for the Federal Circuit

---

**FLORENCE KENNEDY,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETER-
ANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1798

---

Appeal from the United States Court of Appeals for
Veterans Claims in No. 19-256, Judge Joseph L. Falvey,
Jr., Judge Joseph L. Toth, Judge Michael P. Allen.

---

Decided: May 11, 2022

---

AMY F. ODOM, Chisholm Chisholm & Kilpatrick, Provi-
dence, RI, argued for claimant-appellant. Also represented
by BARBARA J. COOK, ZACHARY STOLZ; MEGAN BRITTNEY
HALL, Disabled American Veterans, Cold Spring, KY.

GALINA I. FOMENKOVA, Commercial Litigation Branch,
Civil Division, United States Department of Justice, Wash-
ington, DC, argued for respondent-appellee. Also repre-
sented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, MARTIN F.
HOCKEY, JR.; Y. KEN LEE, DEREK SCADDEN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before NEWMAN, STOLL, and CUNNINGHAM, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* STOLL.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

STOLL, *Circuit Judge*.

Florence Kennedy appeals the judgment of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' decision denying her request for an earlier effective date for Dependency and Indemnity Compensation (DIC) under 38 C.F.R. § 3.114. Because Mrs. Kennedy forfeited her regulatory interpretation argument, we affirm.

## BACKGROUND

Keith Kennedy, Mrs. Kennedy's late husband, served on active duty in the United States Army for nearly seven years in the 1970s. During service, Mr. Kennedy fell from a lawn mower and injured his knee. Although no disability was noted at the time of discharge, Mr. Kennedy applied for, and received, service connection for his knee injury in 2000. Two years later, Mr. Kennedy applied for and received service connection for depression secondary to his knee injury.

In 2005, Mr. Kennedy was diagnosed with melanoma. The cancer rapidly metastasized, and Mr. Kennedy passed away the same year. Mr. Kennedy's death certificate listed "melanoma, metastatic" as the immediate cause of death and listed "other significant conditions contributing to death but not resulting in the underlying cause given," including "diabetes mellitus, type 2," "hypertension," and "depression disorder." J.A. 27.

Mrs. Kennedy filed for DIC as Mr. Kennedy's surviving spouse under 38 C.F.R. § 3.702.  Between 2005 and 2010, Mrs. Kennedy filed for, and was denied, DIC three times. Each time, the VA denied service connection for Mr. Kennedy's cause of death because "there [was] no evidence to show that the veteran's death was related to military service."  J.A. 44; *see also* J.A. 37; J.A. 42.

In 2013, the Director of the Pension and Fiduciary Service of the Department of Veterans Affairs issued Fast Letter 13-04, titled "Simplified Processing of Dependency and Indemnity Compensation (DIC) Claims."  J.A. 47–50.  Fast Letter 13-04, addressed to "All Pension Management Center and Veterans Service Center Personnel," "rescinds or clarifies prior guidance on the processing of DIC claims." J.A. 47.  It instructs personnel to "take immediate action" on DIC claims "where the cause of death listed on the death certificate matches one or more of the deceased Veteran's service-connected disabilities" by granting "service connection for the cause of death when the death certificate shows that the service-connected disability is [a] . . . contributory cause of death."  J.A. 48.  Fast Letter 13-04 streamlined the processing of DIC claims by allowing adjudicators to presume that a service-connected disability "contributed substantially and materially to the Veteran's death" without requiring further development of facts regarding "the causal connection between the Veteran's service-connected disability and the cause of death."  *Id.*

Mrs. Kennedy then filed her last, successful application for DIC in July 2015.  The VA granted Mrs. Kennedy DIC with an effective date of July 7, 2015—the date her final claim was received—because the service-connected illness, depression, appeared on Mr. Kennedy's death certificate.  J.A. 51–52, 55.

Mrs. Kennedy appealed this effective date to the Board of Veterans' Appeals, arguing that her claim was "granted based on a change in VA regulatory guidance" in the form

of Fast Letter 13-04, and that "a retroactive effective date for the award of DIC" was available under 38 C.F.R. § 3.114(a). J.A. 59. That regulation provides for retroactive effective dates for certain benefits awarded following a "[c]hange of law or Department of Veterans Affairs issue." § 3.114(a). Specifically, it provides for an additional "period of 1 year prior to the date" on which the claim for benefits was received if DIC was awarded or increased because of a "liberalizing law" or "liberalizing VA issue approved by the Secretary or by the Secretary's direction." *Id.* The Board denied Mrs. Kennedy's appeal, explaining that because Fast Letter 13-04 was a "change[] to VA procedural manuals and guidance provisions," it could not be considered a liberalizing law or liberalizing VA issue under § 3.114. J.A. 62.

Before the Veterans Court, Mrs. Kennedy argued that she should be granted a retroactive year of DIC because Fast Letter 13-04 was a "liberalizing VA issue approved by the Secretary or by the Secretary's direction" under § 3.114. The Veterans Court affirmed the Board's decision, holding that "VA Fast Letter 13-04 does not constitute a . . . 'VA issue approved by the Secretary or by the Secretary's direction,'" J.A. 14, because it "is not binding on the Board" and therefore "does not bind the Agency," J.A. 13.

Mrs. Kennedy appeals. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

On appeal, Mrs. Kennedy challenges the Veterans Court's definition of a "VA issue" under 38 C.F.R. § 3.114 as overly narrow and asserts that the Veterans Court erred as a matter of law in determining that Fast Letter 13-04 was not "approved by the Secretary or by the Secretary's direction." We review questions of law, including the Veterans Court's interpretation of regulations, de novo. *Breland v. McDonough*, 22 F.4th 1347, 1350 (Fed. Cir. 2022). We cannot review challenges to underlying factual

determinations or application of law to facts, except for constitutional challenges.  38 U.S.C. § 7292(d)(2).  Because we conclude that Mrs. Kennedy forfeited her argument that the Veterans Court erred in its interpretation of "VA issue," we affirm the Veterans Court decision and need not reach the other issues that Mrs. Kennedy raised.

Mrs. Kennedy seeks a retroactive period of one year under § 3.114(a), which requires that DIC was awarded pursuant to a liberalizing (i) "VA issue" that is (ii) "approved by the Secretary or by the Secretary's direction." Section 3.114(a) recites in relevant part:

> (a) Effective date of award.  Where . . . dependency and indemnity compensation . . . is awarded or increased pursuant to a liberalizing law, or a liberalizing VA issue approved by the Secretary or by the Secretary's direction, the effective date of such award or increase shall be fixed in accordance with the facts found . . . .
>
> > (3) If a claim is reviewed at the request of the claimant more than 1 year after the effective date of the law or VA issue, benefits may be authorized for a period of 1 year prior to the date of receipt of such request.

Before the Veterans Court, Mrs. Kennedy asserted that a "VA issue" is "a directive from or approved by the Secretary and is *binding on [the] VA*."  J.A. 79 (emphasis added).  The Veterans Court agreed with, adopted, and applied Mrs. Kennedy's definition.  J.A. 9.  Now, on appeal, Mrs. Kennedy contends that the definition is too restrictive.  Specifically, she accuses the Veterans Court of "adopt[ing] its own interpretation that requires the directive to be 'binding on [the] VA'" and "fail[ing] to defer to the [Secretary's] reasonable interpretation" that did not require that a "VA issue" be "binding on [the] VA."  Appellant's Br. 10–11.

We have held that an appellant who "urged upon the Veterans Court" a position forfeits any argument on appeal that the Veterans Court "committed reversible error" when the court applied that position. *Logan v. Principi*, 71 F. App'x 836, 838–39 (Fed. Cir. 2003); *see also Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc). Here, the Veterans Court adopted the definition Mrs. Kennedy asked it to adopt. She now argues that the Veterans Court erred in adopting that definition. Because Mrs. Kennedy advocated for the very definition of "VA issue" that the Veterans Court adopted and applied, we conclude that Mrs. Kennedy forfeited her argument on appeal that the Veterans Court should have deferred to the Secretary's proposed definition of "VA issue."

At oral argument, counsel for Mrs. Kennedy asserted that she should not be estopped from arguing against the definition that she offered to the Veterans Court because she "did not argue that [a VA issue] has to be binding on the agency as a whole." Oral Arg. at 14:34–14:52, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1798_03102022.mp3; *see also* Appellant's Reply Br. 15 ("Before the Veterans Court, [Mrs. Kennedy] argued that a 'VA issue' must be binding on [the] VA . . . but nowhere in her pleadings did she suggest that it must be binding on *all* of [the] VA, as the Veterans Court held."). Rather, Mrs. Kennedy contends that she asserted that a "VA issue" need only be binding on the "frontline adjudicators," not the Board. Appellant's Reply Br. 15–16. We are not convinced.

Mrs. Kennedy repeatedly asserted before the Veterans Court that a "VA issue" must be "binding on [the] VA," including the Board. J.A. 79, J.A. 83 ("Fast Letter 13-04 is binding on the Board."); J.A. 87 ("[T]he Board was bound by [Fast Letter 13-04]."). The definition that Mrs. Kennedy advocated to the Veterans Court did not limit the proposed requirement of being "binding on [the] VA" to binding only the claim adjudicators as she now argues. Indeed,

Mrs. Kennedy expressly argued that because "Fast Letter 13-04 [was] *binding on the Board*," it was a "VA issue." J.A. 83 (emphasis added).  Accordingly, we cannot say that the Veterans Court erred in interpreting Mrs. Kennedy's position to be that a "VA issue" must be binding on the entire VA, including the Board.

## CONCLUSION

We conclude that Mrs. Kennedy forfeited her argument that the Veterans Court erred in its interpretation of "VA issue" and therefore affirm the Veterans Court's judgment.

## **AFFIRMED**

### COSTS

No costs.

# United States Court of Appeals for the Federal Circuit

_____

**FLORENCE KENNEDY,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-1798

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-256, Judge Joseph L. Falvey, Jr., Judge Joseph L. Toth, Judge Michael P. Allen.

_____

NEWMAN, *Circuit Judge*, dissenting.

The question on appeal is whether a surviving dependent, such as Mrs. Kennedy, is entitled to the one-year retroactivity of benefits authorized by the "liberalized" policy for Dependency and Indemnity Compensation (DIC), as provided by Fast Letter 13-04 and 38 C.F.R. § 3.114(a)(3). After the Fast Letter changed the DIC criteria, the VA granted Mrs. Kennedy's application for DIC but denied the one-year retroactivity.

The Court of Appeals for Veterans Claims ("Veterans Court") affirmed the denial, on the ground that the Fast Letter was neither "a 'law' nor a 'VA issue approved by the Secretary or by the Secretary's direction' under 38 C.F.R.

§ 3.114(a)." *Kennedy v. Wilkie*, 33 Vet. App. 114, 126 (2020) ("Vets. Ct. Op."). Having held that Fast Letter 13-04 does not constitute a law or a VA issue, the Veterans Court determined that it need not address whether Fast Letter 13-04 was "liberalizing," nor decide any "questions about what it means for an issue to be liberalizing." *Id.* at 126 n.66. The Veterans Court ruled that, liberalizing or not, Fast Letter 13-04 could not trigger § 3.114(a), so "the Board did not err in denying an effective date earlier than July 7, 2015." *Id.* at 126.

On this appeal, the panel majority does not review the ground relied on by the Veterans Court, but simply rules that Mrs. Kennedy "forfeited her regulatory interpretation argument." Maj. Op. at 2. On this ground the panel majority "affirm[s] the Veterans Court's judgment" without reviewing the merits of Mrs. Kennedy's appeal. *Id.* at 7. The record shows no forfeiture.

Mrs. Kennedy did not "forfeit her regulatory interpretation argument"; she persistently pressed it, first with the VA regional office, then with the Board of Veterans Appeals, next with the Court of Appeals for Veterans Claims, and now with the Federal Circuit.

The regulatory entitlement to one-year retroactivity is the only issue on this appeal. My colleagues hold that Mrs. Kennedy forfeited the right to appeal the ruling of the Veterans Court. This holding departs from adjudication principles, for "the Judiciary has a responsibility to decide cases properly before it, even those it 'would gladly avoid.'" *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 194–95 (2012) (quoting *Cohens v. Virginia*, 19 U.S. 264, 404 (1821)).

DISCUSSION

### Fast Letter 13-04 "removed some obstacles" to Dependency and Indemnity Compensation

On March 22, 2013, the Director of Pension and Fiduciary Service of the Department of Veterans Affairs[1] issued Fast Letter 13-04, entitled "Simplified Processing of Dependency and Indemnity Compensation (DIC) Claims" for the purpose of "rescind[ing] or clarify[ing] prior guidance on the processing of DIC claims to ensure timely delivery of benefits to vulnerable survivors who have an immediate need for supplemental income following the death of a Veteran." VA Fast Letter 13-04 at 1 (Mar. 22, 2013). The Fast Letter states that the "Pension and Fiduciary (P&F) Service reviewed the current policies and procedures applicable to DIC claims and determined that some are obstacles to timely delivery of benefits to eligible survivors." *Id.* Fast Letter 13-04 provides that where a service-connected disability contributed to a Veteran's death, the VA shall "presume that it contributed substantially and materially" to the death, and "not develop further for the causal connection between the Veteran's service-connected disability and the cause of death." *Id.* at 2. The Fast Letter states:

---

[1]    The Pension and Fiduciary Service administers "the pension, DIC, burial benefit and fiduciary programs" and "develops, maintains, coordinates, and implements the regulations, policies, and procedures governing these programs." *U.S. Department of Veterans Affairs Functional Organization Manual*, 27 (Ver. 6 2020), *available at* https://www.va.gov/VA-Functional-Organization-Manual-2020-4.pdf. This *Manual* is "the authoritative source that documents the current structure, missions, functions, and tasks" of the VA, and "describe[s] what gets done by whom, for whom and under what authorities." *Id.* at 1.

4    KENNEDY v. MCDONOUGH

> For DIC claims where the cause of death listed on the death certificate matches one or more of the deceased Veteran's service-connected disabilities, take immediate action on the claim . . . without further development regarding the cause of death. . . . Grant service connection for the cause of death when the death certificate shows that the service-connected disability is the principal or contributing cause of death.

*Id.*

On July 4, 2016, Fast Letter 13–04 was succeeded by M21-1 VA Adjudication Procedures Manual which incorporated Fast Letter 13-04's guidance. *See generally Military Order of the Purple Heart v. Sec'y of Veterans Affs.*, 580 F.3d 1293, 1296 (Fed. Cir. 2009) (holding that a Fast Letter was a rule under the APA that affected veterans' substantive and procedural rights).

The effective date for DIC is provided in 38 U.S.C. § 5110(g), that when DIC is awarded "pursuant to any Act or administrative issue," the effective date shall not be "retroactive for more than one year from the date of application." 38 U.S.C. § 5110(g); *see Ortiz v. McDonough*, 6 F.4th 1267, 1273 (Fed. Cir. 2021) ( "There is dispute about what the consequences are for the effective date of an award when, on a claim that has been reopened, the award is made 'pursuant to' a 'liberalizing' change. In that situation, the award's effective date may not be earlier than the effective date of the underlying change, but it may be as early as one year before the request based on the change was made"). The implementing regulation is 38 C.F.R. § 3.114, titled "Change of law or Department of Veterans Affairs issue":

> (a) *Effective date of award.* Where . . . dependency and indemnity compensation . . . is awarded or increased pursuant to a liberalizing law, or a liberalizing VA issue approved by the Secretary or by the

Secretary's direction, . . . the effective date of such award or increase shall be fixed in accordance with the facts found, but shall not be earlier than the effective date of the act or administrative issue. Where . . . dependency and indemnity compensation . . . is awarded or increased pursuant to a liberalizing law or VA issue which became effective on or after the date of its enactment or issuance, in order for a claimant to be eligible for a retroactive payment under the provisions of this paragraph the evidence must show that the claimant met all eligibility criteria for the liberalized benefit on the effective date of the liberalizing law or VA issue and that such eligibility existed continuously from that date to the date of claim or administrative determination of entitlement.

***

(3) If a claim is reviewed at the request of the claimant more than 1 year after the effective date of the law or VA issue, benefits may be authorized for a period of 1 year prior to the date of receipt of such request.

The only issue on this appeal is whether Mrs. Kennedy is entitled to this one-year retroactive benefit.

The Veterans Court held that although DIC was awarded to Mrs. Kennedy based on the changed criteria in the Fast Letter, the Letter was not a "law" or "VA issue approved by the Secretary or by the Secretary's direction," and thus it is irrelevant whether the procedure in the Fast Letter is "liberalizing." Vets. Ct. Op. at 126.

My colleagues on this panel create a different ground for dismissal. The court holds that Mrs. Kennedy "forfeited" this question of regulatory interpretation, and thus my colleagues do not review the decision of the Veterans Court. However, this question was debated at length and

6                                    KENNEDY v. MCDONOUGH

in depth, at the Veterans Court, and now this court. Both
sides argued the statutory and regulatory interpretation.
The issue was not forfeited.

Among the questions of statutory and regulatory inter-
pretation is the history of this case and discussion in the
briefs. Mrs. Kennedy discusses administration such as the
criteria for "rules of general applicability"; also the role of
"agency action addressed to a class of persons"; also the
meaning of "liberalizing" as used in 38 C.F.R. § 3.114(a);
also the role of "frontline" VA administration; also the ef-
fect of the Fast Letter on Veterans Service Center person-
nel; also various aspects of agency discretion; also the
characteristics of "interpretive rules"; also the role of the
Secretary, and delegation to the Principal Undersecretary
for Benefits; also the delegated authority of the Director of
the Pension and Fiduciary Service; also the interpretation
of "VA issue"; also the BVA application of Fast Letter 13-
04 (citing 19 decisions); also various principles of adminis-
trative law and VA practice. There was no "forfeiture" of
any issue of regulatory interpretation in this appeal. The
government addresses deference and administrative prac-
tice, but does not propose that Mrs. Kennedy "forfeited" the
appeal.

### *The Veterans Court erred in holding that Fast Let-*
### *ter 13–04 does not bind the VA*

The Veterans Court held that Fast Letter 13-04 was
not a statute or a regulation and therefore is not a "law" for
the purposes of § 3.114(a). The court also held that it is not
a "VA issue approved by the Secretary or by the Secretary's
direction." Thus, the court held that Mrs. Kennedy has no
regulatory right to the one-year retroactivity provision of
38 C.F.R. § 3.114(a)(3). Vets. Ct. Op. at 123.

The Veterans Court held that "for the purposes of
§ 3.114(a), a 'VA issue approved by the Secretary or by the
Secretary's direction' is (1) a directive from or approved by

the Secretary and (2) that is binding on VA." Vets. Ct. Op. at 122. The court stated "[b]ecause we hold that Fast Letter 13-04 was neither a directive from the Secretary nor a directive created with his approval, and because we hold the Fast Letter does not bind VA, we hold it is not a 'VA issue' under § 3.114(a)." *Id.* at 123.

Mrs. Kennedy disputes the holding that Fast Letter 13-04's rule is not a "VA issue approved by the Secretary or by the Secretary's direction." She argues that the Director of Pension and Fiduciary Service was acting under delegated authority, and the Fast Letter is liberalizing, for it authorized the grant of DIC on related criteria.

The Veterans Court stated that there was no evidence that the Fast Letter was approved by the Secretary or at the Secretary's direction. The court stated that the Director of Pension and Fiduciary Service received no identified delegation from the Secretary. The court further stated that Mrs. Kennedy "has pointed to nothing in the law establishing the necessary delegation, nor has she provided any factual evidence of this multilink chain of delegation illustrating Fast Letter 13-04 was issued with the Secretary's approval." *Id.* at 124. Thus, the Veterans Court ruled that Fast Letter 13-04 "was neither a directive from the Secretary nor a directive created with his approval." *Id.* at 123.

The Veterans Court acknowledged that "the Secretary has broadly delegated to the [Under Secretary of Benefits] the 'authority to act on all matters assigned to the Veterans Benefits Administration.'" *Id.* at 124. But the court reasoned that Mrs. Kennedy did not "demonstrate that the USB's Secretary-delegated authority to issue Fast Letter 13-04 . . . was conveyed to the Principal Undersecretary for Benefits who then redelegated the authority to the director of Pension and Fiduciary Services." *Id.* This issue was discussed in the Veterans Court and on this appeal; it is not "forfeited."

The Veterans Court also ruled that "even if there were evidence . . . that the director . . . issued Fast Letter 13-04 with the Secretary's approval, the Fast Letter is still not a 'VA issue' because it is not binding on the Agency." *Id.* The court found that "the director of Pension and Fiduciary Services did not even seek to bind all of the [Veterans Benefits Administration], much less the rest of VA," further stating "one wonders how the director could bind other parts of the Agency even if he attempted to do so." *Id.* Appeal of this ruling is not "forfeited."

The Veterans Court held that it need not decide whether the Fast Letter was "liberalizing," for the court held the Fast Letter was devoid of authority. The issue of "liberalizing" is resolved in precedent. In *Ortiz*, this court held: "The term 'liberalizing' when used with . . . 'VA issue' in the context of a 'claim' most naturally covers a relaxation of a claimant's affirmative burden." *Ortiz*, 6 F.4th at 1276–77. The Fast Letter "relaxed [Mrs. Kennedy's] affirmative responsibility in presenting and supporting a claim for" DIC and met the plain meaning definition of "liberalizing." *Id.* at 1277.

Fast Letter 13-04's rule "changed concrete components of what VA must consider 'sufficient proof' . . . to establish an element of entitlement" to DIC. *Id.* The Fast Letter explicitly created a presumption:

> If the service-connected disability was a contributory cause of death, as listed on the death certificate, presume that it contributed substantially and materially to the Veteran's death.

Fast Letter 13-04 at 2.

The Fast Letter removed any requirement for further evidence of a causal connection between the Veteran's death and a service-connected disability recited on the death certificate. Mrs. Kennedy did not forfeit the issue of entitlement to this benefit.

The Veterans Court raised a question of delegated authority to issue directives aimed at only the relevant section of the agency. The Pension Management Center and the Veterans Service Center are described as the authorities that administer Fast Letter 13-04. Whether the directive is binding on all of VA is irrelevant. The government does not argue that the Fast Letter was not issued by proper authority; the government's absence of support for the Veteran's Court's theory is conspicuous.

The government defined "VA issue" in briefing to the Veterans Court, stating:

> While the term "issue" is not defined by the relevant statutes and regulations, it is apparent from the legislative and regulatory history, to include that of 38 C.F.R. § 19.5, that any document issued from VA, its administrations, or other staff offices may be considered an issue. Thus, a VA fast letter is an "issue". However, identifying whether a particular document is a liberalizing issue depends on whether it has a substantive effect on a benefit.

Gov't Br. Vets. Ct., Appx65. This definition is not negated on this appeal, although the government prevailed in the Veterans Court on the argument that "Fast Letter 13-04 is not a liberalizing issue under the Federal Circuit's test as it does not have a substantive effect on the award of benefits." *Id.*

The definition of "issue" is not challenged by either party. Mrs. Kennedy presses the argument that Fast Letter 13-04 is indeed "a liberalizing issue," for until this Fast letter was issued her claim for DIC was denied, and after its issuance her claim was promptly granted. This certainly is a "substantive effect on the award of benefits." The record contains no semblance of her forfeiture of the other benefits provided by the Fast Letter.

My colleagues err in holding that Mrs. Kennedy forfeited the opportunity to argue whether the Fast Letter raises a "VA issue," for there is no contrary holding as to whether this Fast Letter is a VA issue. A matter that is not in dispute cannot be deemed to have been forfeited.

Statutory and regulatory interpretations are matters of law, and are decided *de novo* on appeal; the appellate court is not precluded from stating the correct interpretation. *See Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule."). The government does not dispute that Fast Letter 13-04 and the implementing regulation are a "VA issue" applicable to Mrs. Kennedy's DIC claim. Even on my colleagues' unsubstantiated theory that Mrs. Kennedy took inconsistent positions in the past, the judicial obligation is to determine the legally correct rule.

The government defends the ruling of the Veterans Court, stating that "Mrs. Kennedy's 'failure' to establish that Fast Letter 13-04 was approved or directed by the Secretary 'alone dooms [her] argument.'" Gov't Br. 29. The government argues principles of "liberalizing changes," stating: "§ 3.114(a) indisputably does not say or incorporate anything about 'general applicability,' or lack thereof, as a requirement, or feature, of liberalizing changes." *Id.* at 30 n.10. The government argues that "Mrs. Kennedy's path to relief is foreclosed by the Veterans Court's unreviewable conclusion that Fast Letter 13-04 was not 'approved by the Secretary' as undisputedly required by § 3.114(a)." *Id.* at 32. All these positions are significantly flawed, as Mrs. Kennedy demonstrates. At a minimum, they warrant judicial attention.

## CONCLUSION

It is the judicial obligation to say what the law is, to assure that the correct law is applied, and to assure that the law is correctly applied.  The panel majority errs in holding that Mrs. Kennedy forfeited consideration of her appeal, leaving untouched all of these flawed rulings.

I respectfully dissent.