NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LOIS HARRIS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1827

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-6359, Judge Michael P. Allen.

_____

Decided: December 27, 2024

_____

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, CHEN, and CUNNINGHAM, *Circuit Judges*.

CHEN, *Circuit Judge*.

Lois Harris appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court), which affirmed the denial of an earlier effective date for total disability based on individual unemployability (TDIU) awarded to Mrs. Harris's now-deceased husband, Max Harris. *Harris v. McDonough*, No. 21-6359, 2023 WL 355056 (Vet. App. Jan. 23, 2023) (*Decision*). Because Mrs. Harris forfeited her arguments, we *affirm*.

## BACKGROUND

Mr. Harris served honorably in the United States Air Force from March 1961 through April 1970. On April 22, 2013, Mr. Harris filed with the United States Department of Veterans Affairs (VA) a claim for an increased rating for his already service-connected knee disability. Dissatisfied with the VA regional office's (RO) decision on that claim, Mr. Harris appealed to the Board of Veterans' Appeals (Board) in July 2016. While that appeal was pending, Mr. Harris obtained counsel to represent him in his pursuit of increased compensation. On April 16, 2018, Mr. Harris's counsel submitted an application for TDIU on VA Form 21-8940, along with a cover letter asserting that Mr. Harris's "pursuit of TDIU is not a new claim rather it is part and parcel of the pending appeal pursuant to *Rice v. Shinseki*, 22 Vet. App. 447 (2009)." J.A. 104–07 (cleaned up). The application asserted that Mr. Harris was unemployable in part due to his service-connected knee disability.

In October 2018, the Board remanded to the RO the issue of entitlement to TDIU. The RO granted Mr. Harris entitlement to TDIU, effective April 16, 2018—the date that Mr. Harris submitted his TDIU application. Although

Mr. Harris continued to argue that his request for TDIU was submitted not as a new claim but rather as part of his then-pending claim for increased compensation and should be treated as having been filed in 2013, the Board nevertheless denied him an earlier effective date for TDIU. The Board applied 38 C.F.R. § 3.400(o), which provides that the effective date for an award of increased compensation is the later of the "date of receipt of claim or date entitlement arose," save for an exception under § 3.400(o)(2) not relevant to this appeal. Notwithstanding that Mr. Harris had not filed his application for TDIU until April 16, 2018, the Board evaluated whether the record before the VA contained "cogent evidence of unemployability" before that date, such that an earlier date of receipt of claim for TDIU could be inferred. J.A. 174–79. Finding that no such evidence had been filed, and that the exception provided by § 3.400(o)(2) was inapplicable, the Board maintained Mr. Harris's April 16, 2018 effective date for TDIU. *See id.*

Mr. Harris appealed to the Veterans Court and, following his passing, Mrs. Harris was substituted as the appellant. Represented by new counsel, Mrs. Harris abandoned the argument previously made that the request for TDIU was filed as part and parcel of Mr. Harris's pending claim for increased compensation. She instead argued to the Veterans Court that "the Board failed to explain why [the] evidence was not cogent evidence of unemployability sufficient to raise the question of TDIU." J.A. 195–96; *see also id.* at 190–97. Taking up the only issue presented to it, the Veterans Court affirmed because the Board "adequately explained why it concluded that the evidence did not satisfy the 'cogent evidence of unemployability' standard" and its factual findings were "not clearly wrong." *Decision*, 2023 WL 355056, at *1–2.

Mrs. Harris appeals. We have jurisdiction under 38 U.S.C. § 7292.

DISCUSSION

Mrs. Harris argues that the Veterans Court erroneously required cogent evidence of unemployability to demonstrate an implicit date of claim for TDIU earlier than the date on which Mr. Harris filed his formal TDIU application. Instead, she says, the Veterans Court should have determined whether the express request for TDIU made in 2018 was raised as part and parcel of Mr. Harris's pending claim for a higher rating and should be treated as having been filed in 2013. *See, e.g.*, Appellant's Br. 11–12.

Mrs. Harris did not argue to the Veterans Court that Mr. Harris's request for TDIU was raised as part and parcel of his already pending claim, and the Veterans Court did not pass on that issue. The general rule is that we do not consider issues not decided by or raised to the Veterans Court. *Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (en banc), *superseded on other grounds by statute*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832; *see, e.g.*, *Boggs v. West*, 188 F.3d 1335, 1337–38 (Fed. Cir. 1999) (affirming because appellant did not raise before the Veterans Court the only issue appealed to us). The government argues that we should affirm on that basis. *See* Appellee's Br. 14–17.

Mrs. Harris does not dispute that she did not raise this issue to the Veterans Court, and her reply brief presents no argument explaining why we should nonetheless consider it in the first instance. *See* Appellant's Reply Br. 2–5.[1] At oral argument, Mrs. Harris offered two reasons why we should consider the issue raised by her appeal. Oral Arg.

---

[1]    Mrs. Harris misunderstands the government as arguing that we lack *jurisdiction* to hear her appeal. The government did not challenge jurisdiction; it argued that we should not consider Mrs. Harris's arguments on forfeiture grounds. *See, e.g.*, Appellee's Br. 10, 14.

at 5:32–40 (available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23 -1827_12022024.mp3). Arguments raised for the first time during oral argument, like those not raised to the tribunal under review, are forfeited. *See, e.g.*, *SEKRI, Inc. v. United States*, 34 F.4th 1063, 1071 n.9 (Fed. Cir. 2022). Regardless, these arguments are not persuasive.

First, Mrs. Harris pointed out that the argument she presented to us, but not to the Veterans Court, was made to the Board. Oral Arg. at 5:40–6:23. But she cites no authority—and we are aware of none—supporting that an argument presented to the Board and abandoned in favor of another presented to the Veterans Court preserves the former for review in this court. We decline to so hold. Second, Mrs. Harris argued that the issue was not forfeited because the Veterans Court is always required to apply the correct law, and she contends it did not do so. Oral Arg. at 6:23–7:14. Without addressing the merits of whether a request for TDIU filed during the pendency of an increased rating claim may relate back to the date of that claim, we note that Mrs. Harris not only abandoned that argument before the Veterans Court, but also acquiesced in the cogent evidence of unemployability standard used by the Board. "We have held that an appellant who 'urged upon the Veterans Court' a position forfeits any argument on appeal that the Veterans Court 'committed reversible error' when the court applied that position." *Kennedy v. McDonough*, 33 F.4th 1339, 1342 (Fed. Cir. 2022) (citation omitted); *see also Forshey*, 284 F.3d at 1358. By arguing only whether the record before the VA contained cogent evidence of unemployability, Mrs. Harris urged upon the Veterans Court the position that such evidence was required in order for Mr. Harris to receive an earlier effective date for TDIU, and she therefore forfeited her argument to the contrary now presented to us. *See, e.g.*, *Kennedy*, 33 F.4th at 1342–43.

We see no reason to excuse Mrs. Harris's forfeiture and consider her arguments in the first instance. Accordingly, we *affirm* the decision of the Veterans Court.

**AFFIRMED**

Costs

No costs.